————o————

ELLEN F. O'NEILL, *et al.*, Respondents, *vs.* JOHN P. CAPELLE, Appellant.

1. *Conveyance absolute on its face, a mortgage, when—Defeasance need not be in writing.*—A conveyance intended as a security for a debt, however absolute in form, will in equity be treated as a mortgage. And to convert it into a mortgage the defeasance need not be in writing.

2. *Conveyance—Question whether conditional sale or mortgage, how determined.* —If a conveyance is proved to be in fact a sale upon condition, and not a mortgage, the intention of the parties will be effectuated. But in case of doubt, it will be treated as a mortgage; and the continued existence after the transfer is a decisive proof that the conveyance is of the latter kind.

3. *Referee—Finding of, set aside and different one entered on the evidence, proper.*—The court may set aside the finding of a referee, and, on the facts as presented by his report, find a different result and enter up a decree accordingly.

4. *Case referred back to try particular issue—Evidence, what should be heard.*—Where a case, theretofore submitted to a referee for a trial of all the issues, is referred back to him to take additional testimony pertinent to a particular issue, he will exceed his powers in hearing evidence on other points.

5. *Statute of frauds—Mortgages—Tacking verbal agreement by mortgagee as to subsequent advances.*—A verbal agreement that subsequent advances shall constitute a lien on land already conveyed as a security for former loans, is within the statute of frauds and void.

*Appeal from St. Louis Circuit Court.*

*H. Berry & A. Hamilton*, for Appellant.

I. The court cannot, upon setting aside the report, entirely displace the referee by itself pronouncing the judgment which the referee should have given. (Walton vs. Walton, 17 Mo., 378; Rice vs. Benedict, 18 Mich., 76; Day vs. Hammond, 57 N. Y. App., 488; Griffin vs. Margmardt, 17 N. Y. App., 28; Milk vs. Moore, 39 Ill., 584; Patterson vs. Ackerson, 1st Edw. Ch., 102, and cases cited; 2 Daniels Ch. Pr., 3d Am. ed., 1115; Allen vs. Blunt, 3 Sto., 746.)

II. The decision of a referee upon a question of fact, when the evidence is conflicting, and the point is not entirely free from doubt, should not be disturbed. (Roberts vs. Curtis, 28 Barb., 462; Hale vs. Grant, 1 Sickles, 496; Terry vs. McNeil, 58 Barb., 241; Baker vs. Spencer, 58 Id., 248; Terry vs. Dietrick, 49 Mo., 96; Woodruff vs. McGrath, 32 N. J., 255.)

III. To establish that the deed from Ghio to defendant, on its face absolute, was intended as a mortgage, and to give it effect as such, the evidence must be clear, cogent and satisfactory. It should be so positive as to leave no doubt. (Henly vs. Hostling, 41 Cal., 22; Kent vs. Lasley, 24 Wis., 654; Miller vs. Stokeley, 5 Ohio St., 194; Stalls vs. Cincinnati, 16 Id., 169; Lindower vs. Cummings, 57 Ill., 195; Mercer vs. Stark, 1 Sm .& M., 479; Franklin vs. Roberts, 2 Wend. Eq., 560; Perry Trusts, 79; Marion vs. Benneto, 26 Wend., 182; Phillips vs. Craft, 42 Ala., 477; 3 Washb. R. Prop., 59–63;

Shay vs. Norton, 48 Ill., 100 ; Iron Co. vs. Iron Co., 102 Mass., 45.)

IV. There is very respectable authority for the position, that if a mortgagor comes in to redeem, he must pay not only the mortgage debt, but also all other debts due from him to the mortgagee. (Anthony vs. Anthony, 23 Ark:, 479 ; Ogle vs. Ship, 1 A. K. Marsh., 287 ; Scripture vs. Johnson, 3 Conn., 211 ; Chamberlain vs. Thompson, 10 Id., 244 ; See vs. Stone, 5 Gil. & J., 1 ; Walling vs. Aiken, 1 McMullen's Eq., 1 ; Turner vs. King, 2 Tridle's Eq., 132.)

The testimony shows an agreement with defendant, after his purchase, that the property should be held for his advances to the Robbins family. He knew that they were insolvent, and his advances must have been made on the strength of that security. (See Haine vs. Thompson, 70 Penn. St., 442 ; Phillips vs. Seely, 27 Grat., 558 ; Horn vs. Kellsta, 46 N. J., 605 ; Stoddard vs. Whiting, 46 N. J., 623 ; Hill vs. Grantt, 46 N. J., 496 ; Rich vs. Doan, 35 Vt., 129.)

*Bereman & Smith*, for Respondents.

I. An oral agreement to extend the security of a mortgage so as to cover other and further debts and liabilities, is within the statute of frauds, and void. (Curle's Heirs vs. Eddy, 24 Mo., 117 ; Stoddard vs. Hart, 23 N. Y., 556 ; Williams vs. Hill, 19 How. [U. S.], 250 ; Browne Frauds, 274, § 267 ; *Ex parte* Hooper, 19 Ves., 477, [Eldon] ; 4 Kent's Com., 146 ; Craig vs. Tappan, 2 Sandf. Ch., 78 ; Shirras vs. Craig, 7 Cranch, 34 ; Bank of Utica vs. Finch, 3 Barb. Ch., 293 ; Lawrence vs. Tucker, 23 How. [U. S.], 14.)

II. The conveyance was not a conditional sale, but a mortgage. If the case were doubtful it would be so held. (16 Mo., 145 ; Turner vs. Kerr, 44 Mo., 431 ; Prince vs. Bearson, 1 A. K. Marsh., 170 ; Oldham vs. Halley, 2 J. J. Marsh., 114 ; King vs. Newman, 2 Munf., 40 ; Copeland vs. Yoakum's Adm'r, 38 Mo., 349 ; Sharkey vs. Sharkey, 47 Mo., 543.)

The referee's finding was properly set aside by the court. (Milk vs. Moon, 30 Ill., 588 ; Williams vs. Bishop, 15 Ill.,

553; Sibert vs. McAvoy, Id., 108; Austin vs. Bainter, 50 Ill., 308; Lowe vs. Traynor, Caldw. Tenn., 633; Burt vs. Rynex, 48 Mo., 309; Hickey vs. Drake, 47 Mo., 369; Taylor vs. Reed, 4 Paige Ch'y, 561.)

SHERWOOD, Judge, delivered the opinion of the court.

This is a suit in the nature of a bill in equity brought by the daughter of the former owner of certain lands situate in St. Louis county, one S. H. Robbins. The object of the suit, in which the husband is joined as co-plaintiff, is to have the deed absolute, under which the defendant holds those lands, declared a mortgage and for permission to redeem, etc.

The petition charges in substance, that in 1872 Mrs. O'Neil became the owner of those lands; that in 1861 both the legal and equitable title of the lands in controversy were in Mrs. O'Neil's father, but that in May of that year the legal title thereof was transferred to the National Banking and Insurance Company as a security for certain indebtedness then owing to that company by her father, while the latter retained the equitable title under an agreement that he, on the payment of the debt, should be permitted to redeem, etc.; that in May of the year following, the property was transferred on like terms to one Ghio, who, possessed of full knowledge of all antecedent facts, loaned and advanced to Robbins the necessary amount to pay the debt due the company, and executed also an agreement in writing showing that the deed he had received was in the nature of a mortgage, from which incumbrance Robbins could redeem on payment of debt and interest, and receive thereupon a re-conveyance of the property thus held; that under a like arrangement the property was transferred in 1864 to the defendant, who being acquainted with all the attendant facts, and acceding to the request of Robbins, advanced a sum sufficient to pay the debt due to Ghio, and thereupon received a deed from the latter, in usual form. for the land, but with the agreement to hold the land on the same terms as it had been previously held; that, since the execution of the conveyance last named, Robbins had

paid large sums of money on the indebtedness with the view and intent to redeem the lands thus encumbered, which sums, were so received and credited by defendant, as well as other large sums received by him in like manner for rents and profits of the real estate so conveyed, and that by these means the indebtedness was satisfied and discharged; that defendant claimed to have expended certain amounts for taxes and repairs on the premises, as to which claim plaintiffs ask an accounting, etc., etc. The answer of defendant, who is Robbins' son-in-law, was a sweeping denial of all the foregoing allegations.

The record in this cause is a voluminous one, but the matters at issue involved therein lie within a very small compass. In all proceedings like the present, the obvious and chief point for inquiry and determination is: Was the conveyance intended as a security for a debt? If this inquiry receives a reply in the affirmative, it will, in the eyes of equity, effectually and indelibly stamp the conveyance, however absolute in form, with the character, attributes and incidents of a mortgage. Ordinarily it is, perhaps, necessary in order to meet the requirements of the statute of frauds, that a defeasance in writing should pass between the parties; but this is not absolutely essential in all cases, for if the grantee deny the trust, equity on proof of the trust will treat such a denial as a fraud and will consequently hold the grantee as firmly bound by his verbal agreement as though the *parol* defeasance were a *written* one fortified and hedged about with all the formal solemnity known to the law. (Sto. Eq. Jur., 231, § 1.)

Were the rule otherwise, were a deed absolute *in face* absolute *in fact*, the statute for the prevention of frauds would become a monstrous misnomer, and, instead of preventing, would promote the creation of countless frauds.

And courts of equity, in enunciating the rule above stated, do not pursue the same enlightened policy in this regard as that which they invariably pursue in respect to parol contracts for the sale and conveyance of land, parol promises by

a mortgagor and vendor of land to his vendee to pay off existing incumbrances (Chapman vs. Beardsley, 31 Conn., 115), and parol promises by parties exchanging lands to remove incumbrances. (Pratt vs. Clark, 57 Mo., 189.)

If, however, any given transaction should turn out, upon investigation, to be a conditional sale, and it should be satisfactorily established to be a real sale and not a thin disguise whereby a loan is concealed, as a matter of course such transaction will be held valid in accordance with the intention of the parties. But courts of equity watch transactions of this sort with such jealous and ever vigilant solicitude, that if the matter be in doubt, they will resolve that doubt in favor of the theory of a mortgage, and compel the transaction to assume and wear that hue and complexion. (Sto. Eq. Jur., §§ 1018b, 1019.)

In the case at bar, not the slightest doubt can exist. The defendant denied and repudiated the trust; this paved the way for the introduction of parol testimony; and it was introduced with cogent and telling effect. The allegations of the petition were established in every essential particular; the decisive test in such cases, the existence of the debt, was proved beyond controversy. The defendant's acts, his admission before the trial, and at the trial when a witness, place the matter in the clearest possible light. In addition to that, the defendant kept an account with the property conveyed, charging M. W. Robbins, "whose name he took the liberty of using to keep a memorandum account," with sums expended in relation thereto—the recording of the deed from Ghio to defendant, etc.; and besides, wrote numerous letters to S. H. Robbins, admitting in terms not to be misunderstood, the attitude the defendant occupied in relation to the property. But it can serve no useful purpose to cite or quote the evidence in detail; it shall suffice to say that a plainer or stronger case never invoked equitable interposition.

By the consent of the parties as the record recites, the cause was referred to a referee "to hear and try the whole issues herein involved, etc." This the referee proceeded to do and

made his report accompanied by all the testimony taken in the cause. The court, on exceptions filed by the plaintiffs, allowed the exceptions, set aside the finding of the referee, and, on the evidence as reported at length by him, found for the plaintiffs, entered an interlocutory decree in their behalf, that the deed was a mortgage, and that the right of redemption existed. And in order to ascertain the amount due to defendant, a further reference was ordered to have an account taken and ascertain what, if anything, still remained due. The parties again appeared before the referee, he took the account, ascertained the balance due and so reported to the court, who thereupon entered final judgment; and in this we can discover no semblance of error.

The statute (Wagn. Stat., 148, § 42), provides, that upon exceptions allowed "the matter may be again referred if necessary." This clearly shows that discretion is given the court to act precisely as it did in the present instance. (Ely vs. Ownby, 59 Mo., 437.) For it would be folly without parallel to order the same testimony to be taken anew every time exceptions are allowed. We are unable to see any difference between the chancellor's disagreeing with the referee and still entering a decree on the facts as found, and his disregarding and setting aside the verdict of a jury and then entering a decree in accordance with his own views of the evidence; and that the latter course is legitimate all the authorities are agreed. When the cause was recommitted to the referee, he was directed " to ascertain the amount required to be paid by the plaintiffs upon redeeming; and to hear such further pertinent testimony, in addition to that already reported by him, as may bear upon such accounting." This the referee did, and he did right. He would have exceeded his powers had he done more. The evidence offered by the defendant at the second hearing, of whose rejection complaint is made, had not the remotest bearing on the point to which the attention of the referee was directed by the order of the court. The defendant did not offer to show that there was any agreement, verbal or otherwise, that " all moneys paid

out since the date of the deed to Ghio, and all moneys paid prior thereto," were to constitute a lien on the land, the legal title whereof was in the defendant. And if the agreement, even if existing, were verbal, it would, as to future advances, fall within the prohibition of the rule laid down in Curle's Heirs vs. Eddy (24 Mo., 117), and therefore be inadmissible. The offer of defendant to show " all moneys received of Robbins and the different members of his family, at any time before and since the date of said deed," was properly rejected. The object of the suit was not a general accounting between " Robbins and the different members of his family" and defendant, but simply to ascertain whether the transaction to which Robbins and defendant were parties, constituted a mortgage; and if so, to find, by taking an account as to matters necessarily connected therewith, what amount was required to redeem; so that the offers of defendant were wholly foreign to the cause and the issues raised by the pleadings.

We have been unable to discover any error in the record, and the judgment will be affirmed. Judge Vories absent. The other judges concur.