## ELY *et al., Appellants*, v. TURPIN.

1.  **Mortgagee in Possession**: HIS LIABILITY FOR RENTS, ETC.  If a mortgagee enter into possession and then permits the mortgageor to take the profits or to use the mortgage to keep off other creditors, he will be required to account, at the suit of the latter, for the rents and profits for the time he is in possession.  In the absence of fraud or neglect of duty he will be required to account for only such as are actually received.

2.  **Trustee for Benefit of Creditors**: BOUND TO COLLECT RENTS.  If a trustee for the benefit of creditors permits the debtor to take the rents and profits of the trust land, he will be held personally liable for their value, less taxes and the cost of repairs and necessary improvements, but without rests.

*Appeal from  Carroll  Circuit  Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

*Hale & Eads* for appellant.

*Jno. L. Mirick* for respondent.

NORTON, J.—The petition in this case alleges substantially that plaintiffs, in September, 1863, obtained several judgments against one Z. Moorman, who, a short time before the rendition of said judgments, conveyed all his real and personal property to Turpin and Thompson; that said Turpin and Thompson paid nothing for said property, but that they took the said conveyance to the land and personal

property of Moorman, with the distinct agreement that they were to pay from the proceeds of the property the debts which said Moorman owed, and if anything remained after the payment of said debts, it was to be returned to Moorman; that shortly after said conveyance was made Thompson conveyed his interest in the real estate to Turpin, he having received $390, the amount of his, Thompson's, debt against Moorman; that plaintiffs had executions issued on said judgments, under which the interest of said Moorman in the land conveyed was sold, at which sale they became the purchasers. The petition also charged that said conveyance to Turpin and Thompson was an equitable assignment for the benefit of the creditors of Moorman, and that they held the property in trust for these purposes, and not as purchasers for a valuable consideration; that the legal title was held by Turpin in trust for the creditors of Moorman. The prayer of the petition is, that an account be taken of the money received by said Turpin, and which he ought to have received from the proceeds of the sale or rent of the property conveyed, and of the money paid out by him on account of the debts of said Moorman, and that if more had been paid out than had been received, that plaintiffs be permitted to pay the excess and have the title of said land vested in them. The answer of defendants puts in issue the matters alleged in the petition, and avers that the conveyance of said property was made for a valuable consideration. After hearing the evidence, the court found the issues for plaintiffs, and directed an account to be taken, and for this purpose appointed a referee, who declining to act, the order appointing him was at a subsequent term of the court set aside, and the court proceeded to take an account upon the evidence offered. In taking said account the court refused to charge Turpin with the rents and profits of the land conveyed, and found that Turpin had paid out $5,114.45 more than he had received, and directed that upon the payment of said sums, on or before a day named in the order, that

the title to the real estate conveyed should be vested in plaintiffs. From this judgment plaintiffs appeal, and the sole question presented on the appeal is whether the court, in taking the account, erred in not charging Turpin with the rents and profits of the land.

The court, in finding all the issues for plaintiffs and ordering an account, (which finding we think the evidence warranted,) found that Turpin held the property conveyed simply as a trustee for Moorman's creditors and also for Moorman, said Moorman being entitled to what remained after the payment of his debts. A faithful discharge of this trust required that the trustee should account for all he received and so manage the property as to make it return the largest yield. The evidence shows that Turpin took possession of the farm in 1863, cultivating the same till 1866, when he moved from it; that during the years 1863 and 1864 taxes and repairs equaled the rental value of the land; that said Z. Moorman lived on the land in the same house with Turpin, and he and family were supported out of the proceeds of the farm, and that when Turpin moved off in 1866 said Moorman remained on the place, and that in the spring of that year Wm. Moorman, a son of said Z. Moorman, with the consent of his father and Turpin, took possession of the farm and cultivated it till 1868 or 1869, building a barn on the premises costing about $300; that said Z. Moorman with his family continued to reside on the farm till 1873, when he surrendered eighty acres of the same, and continued to occupy the balance of the farm till his death in 1876; that Turpin was never in possession of said farm except as above stated, or received the rents and profits after he left the same except the eighty acres which were surrendered in the fall of 1873.

If Turpin be regarded simply as a mortgagee, he having entered into possession in 1863 and remained in posses-

**1. MORTGAGEE IN POSSESSION: his liability for rents, etc.** sion till 1866, he is liable for the rents and profits for the time he occupied it. If a mortgagee enters upon land and allows the mortgageor to take the profits or permits him to use the mortgage for keeping off other creditors, he will be accountable for the profits. 1 Hilliard on Mortgages, § 41, p. 465. A mortgagee who takes possession of the mortgaged premises is only chargeable with the rents actually received, unless he has been guilty of fraud or neglect of duty. 1 Hilliard on Mortgages, § 2, p. 441.

Viewing the transaction between Moorman and Turpin in the light of the finding of the court and the evidence upon which it was based, the first duty **2. TRUSTEE FOR BENEFIT OF CREDITORS: bound to collect rents.** Turpin owed was to the creditors of Moorman, and till that duty was performed by the payment of their demands, Moorman was neither entitled to the possession or profits of the land conveyed; and Turpin having taken upon himself the trust, it was his duty to perform it. The rents and profits of the land belonged to the creditors for whose benefit primarily he held the land, and in allowing Moorman to remain in possession and take the profits he was guilty of neglect of duty, and under the authority herein cited, he was properly chargeable with the rental value of the land, less taxes, expenses incurred for repairs and the cost of necessary improvements, such as the barn which the evidence shows was built on the premises. For the error committed in not charging Turpin in the account taken with the fair rental value of said land, without rests, the judgment will be reversed and cause remanded, with directions for an account to be taken in conformity with this opinion. All concur.