BENDER, *Appellant*, v. ZIMMERMAN *et al., Appellants.*

Division Two, May 24, 1894.

1. **Mortgage:** DEED ABSOLUTE IN FORM. A deed, absolute in form, may be shown to have been intended as a mortgage.

2. ———: SURETY: TAXES. Where one conveys land to secure a surety on an appeal bond and satisfies the judgment against him, he is entitled to reconveyance, though the surety has purchased the land at sale for taxes, on payment of amount paid therefor.

3. ———: ———: ———: RENTS AND PROFITS. Where a deed, absolute in form, is given as a mortgage to indemnify a surety on an appeal bond and the vendee takes possession thereunder, rents and profits can not be recovered in an action to reconvey where there are no averments as to rents and profits or as to an accounting.

4. **Statute of Frauds:** FUTURE LIENS. An oral agreement by which subsequent claims shall constitute a lien on land conveyed as security for other claims is within the statute of frauds and void.

*Appeal from Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

REVERSED AND REMANDED.

*H. S. Kelley* for plaintiff, appellant.

(1) The deed from Bender to Zimmerman, though absolute on its face, was intended only as a security or indemnity against loss by Zimmerman by being surety in an appeal bond, and this intention is shown by the written contract or defeasance executed by Zimmerman to Bender at the time of the execution of the deed. The deed and the defeasance are to be construed together as one instrument, which being done, the deed will be treated as a mortgage. *Schradski v. Albright*, 93 Mo. 42; *O'Neill v. Capelle*, 62 Mo. 202; *Fontaine v. Co.*, 109 Mo. 55; *Hach v. Hill*, 106 Mo. 18. (2) The deed from the sheriff to defendant Zimmerman, made upon a judgment for taxes under which he claims title is void on its face, because it recites a judgment *in solido* for $2,607.62 against several pieces of property, including the lots in controversy, and there is no recital in the deed to show that each lot was sold separately for its own tax, or that the amount

for which each lot sold went to pay the tax on said lot. (3) The court erred in excluding proofs offered as to rents and profits actually received by the mortgagee Zimmerman. "The mortgagee is a mere trustee—he holds the property for his indemnity only, and can not make any gain or profit out of the estate." *Walton v. Withington*, 9 Mo. 545; *Anthony v. Rogers*, 17 Mo. 394; *Ely v. Thompson*, 75 Mo. 83; *Turner v. Johnson*, 95 Mo. 431; 1 Hilliard on Mort. [3 Ed.], p. 448; *Hannah v. Davis*, 112 Mo. 599. The right, after payment or discharge of the appeal bond, was absolute in the appellant to receive back all that Zimmerman got by virtue of his deed— the rent actually received was a mere incident to the land. (4) Under the prayer for general relief the appellant was entitled to receive back from Zimmerman all that he had received through and under the deed or mortgage executed to him. The rents were a mere incident to the property, and he was entitled to have them repaid to him, just as he was entitled to have the land returned to him, and there is no question of pleading involved in the case. *Hannah v. Davis*, 112 Mo. 599; *Allen v. Buckley*, 94 Mo. 158; *Allen v. Ray*, 96 Mo. 542; *Elting v. Gould*, 96 Mo. 535; *Payne v. Lott*, 96 Mo. 676; *Simonson v. Dolan*, 114 Mo. 176; *Williams v. Hudson*, 93 Mo. 524; *Allen v. McCabe*, 93 Mo. 138. The court might have ascertained the amount of taxes paid, and required Bender to repay them to Zimmerman or deducted it from the rents. The plaintiff offered to prove that Zimmerman collected rents on this property, and the court excluded the testimony, and in doing so erred. *Gooch v. Botts*, 110 Mo. 419. (5) The further excuse for not reconveying, that Bender agreed that he, Zimmerman, should hold these lots as an indemnity against loss on account of a supposed or possible breach of warranty in a deed by which Bender conveyed and warranted lot 3, block 56, to Zimmerman, October 12,

1880, was no defense, even if true, but which is denied, and was not proved by the weight of the evidence. Such an arrangement would at most be a pledge of real estate by parol to secure or indemnify Zimmerman against a contingent loss, and would be void under the statute of frauds. *O'Neill v. Capelle*, 62 Mo. 202; *Carle v. Eddy*, 24 Mo. 117; *Schlanker v. Smith*, 27 Mo. App. 516. Besides, no loss accrued on that account. Zimmerman defeated Craig and held the lot. The statute of frauds was pleaded in reply to this alleged defense. *Taylor v. Penquite*, 35 Mo. App. 389; *Aultman v. Booth* 95 Mo. 383. Parol evidence was not admissible to prove any such agreement as that set up. Such evidence is not admissible to help out a memoradum, even. *Ringer v. Holtzman*, 112 Mo. 343; *Smith v. Shell*, 82 Mo. 215; *Fox v. Courtney*, 111 Mo. 147; *Miller v. Goodrich*, 53 Mo. App. 430. (6) The court erred in assessing the costs against the plaintiff. R. S. 1889, secs. 2920, 2922; *Turner v. Johnson*, 95 Mo. 454. (7) The court erred in overruling plaintiff's motion for a new trial. There was no proper defense established, and the finding should have been for the plaintiff for the recovery of the lots sued for in the petition and for costs, as well as for the relief the court did give, and therefore the plaintiff was entitled to a new trial.

*S. S. Brown* for defendants, appellants.

BURGESS, J.—Action by plaintiff to compel a reconveyance of certain lots and to recover the sum of $135 alleged to have been received by defendant Zimmerman to plaintiff's use.

On the fourteenth day of January, 1881, C. A. Mosman, as administrator, recovered judgment in the circuit court of Buchanan county, Missouri, against the plaintiff herein for the sum of $489.68, and Bender

having appealed the case to this court, in order to stay execution on said judgment until the same was finally heard, it became necessary for him to execute an appeal bond, and in order to get the defendant Zimmerman to become his surety on the bond and to indemnify him against any loss or damage by reason thereof he and his wife, Ella Bender, conveyed to Zimmerman by deed of date March 1, 1881, lot 5, block 18, lot 2, block 19, and lot 1, block 24, in Robidoux's addition to the city of St. Joseph of which said lots Bender was then the owner. At the same time and as part of the same transaction, Zimmerman executed to Bender a written statement or obligation in writing by which he bound himself to reconvey to Bender said lots freed from incumbrance placed thereon by him, when he should be released from any liability on said appeal bond. The case was finally disposed of, and the costs all paid by Bender, and Zimmerman released and saved harmless on account of said bond. Plaintiff then requested Zimmerman to reconvey the lots to him, which he refused to do. Other real estate of Bender's hereinafter described, had also been conveyed by him to Zimmerman, all of which seems to have been disposed of by him to the satisfaction of Bender. Of this he sold one lot to one Meunth and received the price which he agreed to hold in the same way, that is, as an indemnity.

Zimmerman, as a defense and for reason why he should not be compelled to reconvey the lots described in plaintiff's petition, alleges:

*First.* That when plaintiff conveyed lot 1, block 24, lot 2, block 44, and lot 9 in block 20, all in Robidoux's addition, to him, he, Bender, did not own said lots and never did own them, but that they were owned by one James A. Matney.

*Second.* That after the defendant executed the defeasance said lots were sold at sheriff's sale for back

taxes on a judgment against said Matney, and that he purchased said lots and received a deed therefor and became the owner thereof.

*Third.* That the defendant purchased of plaintiff about October 12, 1880, lot 3, block 56, for the price of $1,250, and received from him a warranty deed; that in November, 1881, James Craig instituted a suit against plaintiff and Wm. M. Albin and the defendant, to set the deed aside; that said cause was decided in Craig's favor in the circuit court, but Zimmerman appealed to the supreme court, where the case was pending when this suit was brought but has been since reversed and decided in favor of Zimmerman; and that on July 24, 1884, plaintiff for a certain consideration, agreed orally that if said suit of Craig *v.* plaintiff *et al.*, should be finally decided against the defendant, then he should hold said deed and all the title of plaintiff in the property mentioned to secure the repayment of the $1,200 paid for the lot by the defendant, and that defendant had fully performed his part of the agreement.

*Fourth.* That he let Bender have a note of $350 to collect, and Bender was to give him half of the amount collected; that Bender collected about $300 of the note and failed to give defendant his half.

*Fifth.* That on the —— day of ——, 1882, plaintiff by warranty deed conveyed lot 8, block 115, in South St. Joseph, to Fred Meunth, and defendant conveyed to him by quitclaim; that after deducting taxes he had about $80 left, which he credited on indebtedness of plaintiff to the defendant.

*Sixth.* That after the Craig case had been decided, defendant offered to deed back to Bender lot 5, block 18, in Robidoux's addition, and is ready and offers to do so now. But he has never made the deed, nor in fact offered a deed to plaintiff for said lot. He also stated in his testimony that he was ready and willing to

deed the other two lots to Matney or Bender, if so determined.

The court gave judgment for the plaintiff against Zimmerman for $158.21, and decreed that he should convey lot 5, block 18, to Bender, found all the other issues for Zimmerman; and gave judgment against Bender for costs. A motion for a new trial was overruled, and Bender appealed to this court.

The deed from Bender and wife for the city lots described in the petition, although an absolute and unconditional deed in form, it having been clearly shown that at the time of its execution it was intended only to indemnify Zimmerman, the grantee, against loss or damage on the appeal bond executed by him as the surety of Bender in the case of *Mosman, Adm'r, v. Bender*, will be treated as a mortgage. *Fontaine v. Lumber Company*, 109 Mo. 55; *Schradski v. Albright*, 93 Mo. 42; *Hach v. Hill*, 106 Mo. 18; *O'Neill v. Capelle*, 62 Mo. 202.

The suit in which the appeal bond was executed having been finally disposed of and the costs all paid by Bender, Zimmerman was saved harmless from any liability on the bond, and Bender is entitled to reconveyance of the lots conveyed by the deeds, unless the allegations in the answer and the proof thereunder show that he has been released or discharged from his promise in writing to do so.

The fact that Bender may not have owned lot 1, block 24, lot 2, block 44 and lot 9, block 20 is no reason why Zimmerman should not comply with his contract. It was not for him to say who owned the lots; he acquired by Bender's deed all the title he had, and only such title as he acquired did he obligate himself to reconvey. It would be inequitable and unjust to permit him to escape the obligation of his contract, by showing that the property did not belong to Bender.

The objection to the evidence tending to show that Matney owned or claimed the lots last described was well taken and should have been sustained. Nor did the purchase by Zimmerman of lot 1, in block 24 and lot 2 in block 19 when sold for taxes, relieve him from his obligation to reconvey them to Bender upon being reimbursed the amount of money paid out by him on said purchase with ten per cent. interest per annum thereon from the date of his purchase, as the evidence clearly shows that he had, before said sale, agreed with Bender to buy in the property for him at said sale and to reconvey it to him on being reimbursed according to the terms of said agreement. The taxes for which the lots were sold were a lien upon the lots which Zimmerman's purchase served to extinguish and before being compelled to reconvey he should be reimbursed the amount of his outlays.

Plaintiff offered evidence tending to show that defendant Zimmerman had received rents on the mortgaged property and the amount thereof, which, upon objection by defendants, was excluded by the court, and in this it is urged that error was committed. Clearly the law is that, in an action by a mortgagor against a mortgagee in possession to redeem and for an accounting, the latter will be required to account for all rents and profits received by him on account of the mortgaged property. *Turner v. Johnson*, 95 Mo. 431; *Ely v. Turpin*, 75 Mo. 83. But before a court will be warranted in requiring an accounting there must be an action for that purpose and the assertion of some claim with respect thereto. The petition in this case contains no allegation with regard to any rents and profits received by defendant nor does it ask for an accounting. The only allegation in the petition in which any reference is made to money received by defendant is wherein it is averred that he conveyed a lot

to one Meunth for which he received the sum of $135,. and for this sum and interest the plaintiff recovered judgment. There was no error committed in excluding· this evidence.

There remains but one other point raised by the· answer and discussed by counsel for plaintiff in his brief· which it is deemed necessary to pass upon, and that· is the agreement by Bender as alleged by Zimmerman that the latter should hold the lots in controversy as an idemnity against loss on account of a supposed or· possible breach of warranty in a deed by which Bender· had theretofore conveyed to Zimmerman lot 3 in block 56. To this allegation in the answer plaintiff replied pleading the statute of frauds. The agreement, if such there was, was merely by parol and within the statute of frauds. In *O'Neill v. Capelle*, 62 Mo. 202, it is held that a verbal agreement by which subsequent advances. shall constitute a lien on land already conveyed as a. security for former loans is within the statute of frauds and void. The rule announced in that case should be applied in this. The judgment is reversed and the cause remanded to be tried in accordance with this. opinion. All of this division concur.