(20 Misc. Rep. 513.)

### JEREMIAH v. PITCHER.

(Supreme Court, Special Term, Kings County. June, 1897.)

1. TRUSTS—EVIDENCE TO ESTABLISH.

Parol evidence that land was conveyed to defendant under an agreement with plaintiff, who paid the purchase money, that defendant would convey it as requested by plaintiff, is not admissible in an action to compel defendant to convey, since trusts resulting from the mere payment of the purchase money by a person other than the grantee have been abolished by statute (1 Rev. St. p. 728, §§ 51, 52), and an agreement to create a trust is required by the statute of frauds to be in writing.

2. SAME—PAYMENT OF LIENS.

Parol evidence of an agreement that defendant would convey, as requested by plaintiff, land which plaintiff purchased and had conveyed to defendant, is admissible to establish plaintiff's right to be subrogated to liens which he paid off after the conveyance of defendant in reliance on the agreement; defendant having refused to convey at plaintiff's request.

Action by William Jeremiah against Rosina A. Pitcher.

This was a suit to have it adjudged that the defendant held the several parcels of real estate described in the complaint in trust for the plaintiff, and to require her to convey the same to him, or his nominee. The defendant is the daughter of the plaintiff. He was a real-estate dealer. His wife having become insane, he stated to the defendant that if he took title to real property in his own name he could not convey a full title thereto, as his wife could not join in the conveyance, and release her dower, and he requested the defendant to allow him to take title in her name to all real estate he should buy, she to convey it upon his request as he should find purchasers. She agreed to this, and the several parcels in question were conveyed to her by third parties at the request of her father, he paying the consideration. The trust was not expressed in writing. Title was so taken subject to a mortgage in the case of one parcel, and the defendant raised money by a mortgage on the other parcels at the time of the conveyance to pay part of the purchase money. The plaintiff afterwards paid the interest and principal of said mortgages, and had them satisfied. Afterwards the defendant refused to convey the property at the plaintiff's request.

P. H. Vernon, for plaintiff.
F. D. Dowley, for defendant.

GAYNOR, J. At common law there would be a resultant trust in favor of the plaintiff, from the fact alone that he paid the purchase money. But such resultant trusts were abolished by the Revised Statutes (1 Rev. St. p. 728, §§ 51, 52). No use or trust now results in favor of the person paying the purchase money, but causing the conveyance to be made to another. There being, therefore, no trust from the fact of such payment by the plaintiff, it was for him to prove the trust. That could only be in writing, by the statute of frauds (section 6). The oral evidence was received, but was incompetent to prove it. A way to prevent such a fraud as this case

'presents from being practiced under the very nose of the law would be welcome, but I find none.

The case is different in respect of the mortgages. The defendant permitted the plaintiff to pay them off upon the faith of the oral agreement that the property was his, and held for him. To repudiate such agreement in that respect is a fraud; and the prevention of fraud is a principal ground for relief in equity. The trouble about the breach of trust or fraud in respect of the ownership, is that the statute of frauds stands in the way of proving it. There is no such difficulty in respect of the subsequent payments of the mortgages, as no interest or estate in or trust concerning real estate is established in proving the oral agreement under which such payments were made; and the statute of frauds therefore does not apply.

Let the plaintiff be subrogated to the ownership of the mortgages which he paid, and let them be liens in his hands.