## JACKSON v. DALLIN et al.
## (MOYLE, Intervener.)

No. 2782.    Decided Dec. 1, 1915.    (152 Pac. 341.)

FRAUDS, STATUTE OF—INSTRUMENTS IN WRITING. An agreement that a mortgage signed by several tenants in common was for the benefit of one, and that the other tenants should be held harmless and their interest in the property protected by satisfying the same out of his undivided interest, is one which must, under the statute of frauds (Comp. Laws 1907, section 2461), be in writing subscribed by the party to be charged, and so, being in parol, it cannot be enforced against a grantee of the tenant.

Appeal from Third District Court; Hon. *F. C. Loofbourow,* Judge.

Action by Emily J. Jackson against Lydia A. Haslam Dalin and others and the Tracy Loan & Trust Company, a corporation, in which O. W. Moyle intervened. From the judgment, the first named defendants, appeal.

AFFIRMED.

*Geo. M. Sullivan* and *Stephens, Smith & Porter,* all of Salt Lake City for appellants.

*Young & Moyle* for respondent.

STRAUP, C. J.

The plaintiff brought this action for partition of realty, two lots in Salt Lake City, each 3x10 rods. The plaintiff had judgment, from which the defendants Lydia A. Haslam Dallin, Edwin E. Haslam, and Edith Haslam Young appeal. These appellants and one John S. Haslam, brothers and sisters, were the owners of the lots, each owning an undivided one-fourth interest. The plaintiff was the wife of John S. Haslam. She commenced an action for divorce against him. Pending that action the appellants, John S. Haslam, and the plaintiff gave the trust company a mortgage for $350 on one of the lots to secure a note of that amount. A decree of divorce was granted divorcing the plaintiff and John S. Haslam. After that decree the mortgage was canceled, the appellants and John S. Haslam, but not the plaintiff, giving another note for $500, which in large part was a renewal of the other note, and to secure which gave a new mortgage on the same lot. Later the appellants and John S. Haslam, but not the plaintiff, gave the trust company another note in the sum of $100, and to secure that gave another mortgage on the same lot. Still later John S. Haslam, by warranty deed, conveyed to the plaintiff, subject to the mortgages, all his interest in both lots. Thereafter the plaintiff, in writing, gave the intervener a lien in the sum of $150 on her undivided one-fourth interest conveyed to her by John S. Haslam. So, when this action was commenced, the plaintiff and the appellants were the owners of the lots, each owning an undivided one-fourth interest therein, subject to the mortgages on the one lot. The notes and mortgages were not due, and were unpaid. No action was invoked to have them paid or satisfied. The court granted the partition, subject to the mortgages; but, as a division of the lots was impracticable, the court ordered the lots sold, the one subject to the mortgages, and the proceeds, after payment of costs and attorney's fees, to be paid, three-fourths in equal parts to the appellants, $150 of the other one-fourth to the intervener, and the balance to the plaintiff.

The appellants averred, and at the trial offered by parol to prove, that all of the notes and mortgages were given for

the benefit of John S. Haslam and the plaintiff, and that he, or both of them, received all the money evidenced by the notes and mortgages, and that, when they were given, it was agreed between John S. Haslam, the plaintiff and the appellants, that the appellants should be held harmless, and their interest in the property to be secured and protected by requiring the notes and mortgages first to be satisfied out of the undivided one-fourth interest of John S. Haslam, and that his property "should be first charged and answer for the debt created by" the notes and mortgages. Thus it is urged that the plaintiff's undivided one-fourth interest conveyed to her by John S. Haslam in and to both lots should be first subjected to the payments of all of the unpaid notes and mortgages, and that she, in this action, should be awarded only such an amount as her undivided one-fourth interest might be found to be in excess of such mortgage indebtedness. The court declined the proffered proof on the theory that, under the statute (Comp. Laws 1907, section 2461), such an agreement, to be valid, was required to be in writing and subscribed by the party sought to be charged. This ruling presents the question for review. The only cases cited by the appellants in support of their contention are *Gillett* v. *Taylor*, 14 Utah, 190, 46 Pac. 1099, 60 Am. St. Rep. 890, and *Jeremiah* v. *Pitcher*, 20 Misc. Rep. 513, 45 N. Y. Supp. 758. We do not think the cases support them. The offer was by parol to show an imposition of an additional lien upon the undivided one-fourth interest of John S. Haslam in and to the one lot and the creation of a lien on the other. We think such an agreement within the statute. *Porter* v. *Muller*, 53 Cal. 677; s. c., 112 Cal. 355, 44 Pac. 729; *Sprague* v. *Kimball*, 213 Mass. 380, 100 N. E. 622, 45 L. R. A. (N. S.) 962, Ann. Cas. 1914A, 431; *Bender* v. *Zimmerman*, 122 Mo. 194, 26 S. W. 973.

No error, therefore, was committed by the ruling.

The judgment is affirmed, with costs.

FRICK and McCARTY, JJ., concur.