GEORGE PRENDERGAST, Respondent, v. GOTTLIEB EYERMANN, Appellant.

January 20, 1885.

EQUITY — REFEREES — PRACTICE. — In equity proceedings, the appellate court will review the findings of the referee where the evidence is embodied in the record.

APPEAL from the St. Louis Circuit Court, LUBKE, J.
*Affirmed.*

A. R. TAYLOR, for the appellant.
W. B. THOMPSON, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff brought this action to establish a copartnership between himself and the defendant in a certain building contract, and for an account. The defendant denied the

copartnership by answer, and set up four distinct counter-claims. The cause was sent to a referee by consent of the parties, to try all the issues between them, but without any special directions as to the manner of taking the account.

The referee heard the cause and reported to the court in substance as follows: That he found the partnership as claimed by the plaintiff. That upon a statement of the partnership account he found a balance of $1,043.18, with interest, due the plaintiff from the defendant. Also, that he found in favor of defendant and against the plaintiff on the first, second, and fourth counter-claim, and in favor of the plaintiff on the third counter-claim.

The defendant excepted to the report, but his exceptions were overruled, and the court rendered judgment upon the referee's report, in favor of the plaintiff for the sum of $738.91, being the excess of the balance due the plaintiff on partnership account, over the defendant's counter-claim as found by the referee. The defendant's motion for a new trial being overruled, he saved his exceptions to the rulings of the court and brings the cause here by appeal.

The defendant claims here, that the referee in stating the account erred in not allowing him an additional credit of $700, money paid for cement used in the structure, and in not allowing him $1,500 for one-half of the wages paid a foreman. Also, that the referee erred in rejecting the defendant's third counter-claim, amounting to $455, and that the court erred in overruling the defendant's exceptions, which pointed out these errors of the referee.

In order to consider advisedly the objections thus raised by the defendant, it is necessary to determine the functions of a referee in cases of this character.

The defendant maintains that the referee's finding is in the nature of a special verdict. That where the evidence is contradictory, his finding of facts is conclusive, and where the evidence is uncontradicted as to certain facts, he is

bound to find that fact according to such evidence. This is unquestionably the rule in this state, in all cases where the referee is charged with the trial of facts in common law or statutory actions. *W. Boatmen's Ben. Assn.* v. *Kribben*, 48 Mo. 41. But in cases of purely equitable cognizance, and where all the testimony is before the court, and preserved in the record, the referee's finding at most occupies only the position of a special verdict of a jury in chancery, and the appellate court, as well as the trial court, will examine the entire testimony, and determine the controverted facts upon the evidence reported. *Ely* v. *Ownby*, 59 Mo. 437; *O'Neill* v. *Capelle*, 62 Mo. 207, 208.

Taking this view of the law, we have carefully examined the entire record in this case, not for the purpose of determining whether there is any evidence supporting the referee's finding, but for the purpose of determining, whether the referee's finding, under the evidence reported, as to the matters complained of, is just and proper.

The defendant stands in the position of one who has denied a trust relation, and against whom that relation has been established. There is no controversy concerning the amounts which he received, and for which he is accountable, the controversy is only concerning such of his disbursements as ought to be credited to him as "just allowances." The referee credited him with all disbursements claimed whereof any entry could be found in his books, although the main elements which would make such entries *prima facie* evidence in his favor, namely, that the books were accessible to both partners, and kept more or less under the charge of both, were wanting in this case. Some of these entries are supported by vouchers, others are not. Of the fifteen separate charges for cement, aggregating the sum of $1,659.00 several are unsupported by any voucher, nor can defendant on cross-examination verify them. Yet he claims, because the referee rejected his additional claim of $700.00 for ce-

ment, for which he produces no account, nor an itemized statement, and for which he has not even an entry in his books, nor a specific claim in his account filed with the referee, the referee committed error in law. The defendant was the sole and exclusive custodian of all the books, papers, and accounts of the firm, and the least that could be expected of him was an itemized account of such expenditures, which he claimed as a just allowance. We think that the referee has dealt with great liberality in allowing credits to defendant, and that he acted properly in rejecting this claim.

The defendant, in the trial court, claimed that the referee erred in rejecting his claim of $4,500.00 for personal services in supervising the work. In this court he claims that the referee erred in not charging the whole cost of a foreman's wages against the plaintiff. Without going into the question whether his objection should be entertained, when made for the first time in this court, we may say that neither of the objections is well taken. The contract provides, " each party to give his time and attention to the work, or to furnish a competent foreman to superintend in his stead." If this is claimed to mean that each party shall give his entire time to the work, then both parties violated their contract obligation, because the evidence shows that neither party gave his entire time. Powell, the superintendent on behalf of the city, who saw the work often while in progress, testifies that he saw the plaintiff as often there as the defendant, and that it was not necessary for either of them to be there. The preponderance of testimony is that the defendant spent more time on the work than the plaintiff, but the testimony furnishes no data by which the referee could have charged the plaintiff any specific amount for time omitted, and as the foreman was not furnished to superintend in the plaintiff's stead, but was employed on joint account his compensation can not be charged against the plaintiff

The last error assigned is equally without foundation.

The items of the third counter-claim of defendant which the referee rejected are as follows: —

| | | | Cash | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| February 11, 1878. | | | Cash | . | . | . | . | . | . | $105 |
| " | 16, | " | " | . | . | . | . | . | . | 300 |
| June | 22, | " | " | . | . | . | . | . | . | 50 |
| | | | | | | | | | | $455 |

The only testimony on that subject is that of the defendant himself, who being examined concerning it says: —

"Q. Are the cash items in that third counter-claim correct?  A. Yes sir.

"Q. Was that money loaned to plaintiff?  A. I don't know, without referring to my books."

Now in pleading this counter-claim, the defendant averred that he had loaned the plaintiff, at his request, and for his use, the sum of four hundred and fifty dollars.  And when asked whether he had loaned that money to the plaintiff, which is the very gist of the charge, he says he does not know.

If the defendant made no further proof on this subject, because he was under the impression that the items were conceded by the plaintiff, and if he was taken by surprise by the referee's finding, his proper course was to call the attention of the trial court to the matter by appropriate motion.  Instead of doing so he saw fit in that court, as he does here, to charge that the referee's finding upon this counter-claim was legal error.  The referee under the testimony found this counter-claim unproved and rejected it. His finding was correct.

Judgment is affirmed with concurrence of all the judges.