J. Kennard & Sons Carpet Company, Respondent, v. Charles H. Peck, Garnishee, Appellant.

### St. Louis Court of Appeals, November 10, 1885.

1.  Referees—Findings—Verdict.—In actions at law, the finding of a referee is equivalent to the verdict of a jury.

2.  ——— Practice.—The trial court can not, on exceptions to a referee's report, in action at law, substitute its findings for those of the referee, and render judgment thereon, where there is any controversy as to the facts.

3.  ———. A judgment rendered upon a referee's report the findings of which are admitted to be true, will not be disturbed on appeal be-

cause of a supplemental report made prior to the judgment under an order of recommittal for a more explicit finding.

4. —— JUDGMENTS — IMPEACHMENT — JUDGE'S MEMORANDA. — The memoranda of the reasoning by which the trial court reaches a conclusion are not available for the purpose of impeaching its judgment.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Affirmed.*

J. B. WOODWARD, and E. McGINNIS, for the appellant: In a proceeding at law, the report of a referee has the force and effect of a special verdict. The court can not disregard it and re-try the case, on the evidence accompanying the report, and make a finding of its own. *Prendergast v. Eyermann*, 16 Mo. App. 389. A director of a corporation has a right to get a preference over other creditors by taking the property of the corporation in payment of or as security for a debt due him. *Buell v. Buckingham*, 16 Iowa 284 ; 19 Cent. Law Jour. 368. A director may act in the meeting of the board of directors on the question of giving him a security for a loan made by him to the corporation. *St. Louis v. Alexander*, 23 Mo. 531 ; *Buell v. Buckingham*, 16 Iowa 284. If a director has obtained an illegal preference, it can not be set aside in a garnishment proceeding. It must be done by a bill in equity, in which he may receive payment *pro rata* with the other creditors. *Forster v. Planing Mill Co.*, 16 Mo. App. 151 ; *Nat. Bank v. Staley*, 9 Mo. App. 146. A director has a right to loan money to his corporation and contemporaneously therewith take a deed of trust on the property of the corporation to secure the loan. *Kitchen v. R. R. Co.*, 69 Mo. 254–5 ; *Forster v. Planing Mill Co.*, *supra*. If the judgment, recommended by a referee in his report, is not justified by his findings of fact in such report, the court will disregard the referee's conclusion as to the law, and render judgment according to his findings of fact. *Moniteau Nat. Bank v. Miller*, 73 Mo. 187.

CHARLES B. STARK, and A. MOORE BERRY, for the respondent: When all.of the evidence taken by a referee and upon which he makes his findings is reported by him to the court, it may modify or set aside the report and make such findings as are warranted by the evidence and pronounce judgment thereon. *Ely v. Ownby*, 59 Mo. 437; *Smith v. Paris*, 70 Mo. 615; *O'Neill v. Capelle*, 62 Mo. 202; *Moniteau Nat. Bank v. Miller*, 73 Mo. 187. A deed of trust of personal property is invalid as against the creditors of the grantor, unless it is duly recorded, or unless possession of the property conveyed is delivered to the trustee or beneficiary. Rev. Stat., sect. 2503; *Claflin v. Rosenberg*, 42 Mo. 439; *Lesem v. Herriford*, 44 Mo. 323; *Burgert v. Borchert*, 59 Mo. 80; *Wright v. McCormick*, 67 Mo. 426; *Stern v. Henley*, 68 Mo. 262; *Mills v. Thompson*, 72 Mo. 367; *Stewart v. Nelson*, 79 Mo. 522. The vendor of personal property has a lien upon it for the purchase price, and may follow it into the hands of any person except a *bona fide* purchaser. Rev. Stat., sect. 2353; *Parker v. Rodes*, 79 Mo. 88. A trustee will not be permitted to create such a relation between himself and the trust property as will make his own interest antagonistic to that of his beneficiary. *Lingle v. Hogan*, 45 Mo. 109; *McAllen v. Woodcock*, 60 Mo. 174; *Bent v. Priest*, 10 Mo. App. 543, 557; *Skrainka v. Allen*, 7 Mo. App. 434; *Brewster v. Stratman*, 4 Mo. App. 41; *Koehler v. Iron Co.*, 2 Black 715; 67 U. S. XVII. (Law Ed.) 339. When one makes a conveyance of his property, to hinder, delay, or defraud his creditors, a trust results thereby in their favor, and the deed, as against them, is "utterly void," and such property may be seized on execution at law against him and sold. Rev. Stat., 1879, sect. 2497; *Ryland v. Callison*, 54 Mo. 513.

ROMBAUER, J., delivered the opinion of the court.

We consider it the settled rule in this state, that in all actions wherein the constitutional right of trial by jury exists, a referee performs the functions of a jury,

and his finding is equivalent to a jury verdict. *Western Boatmen's Benevolent Ass'n v. Kribben*, 48 Mo. 37; *Prendergast v. Eyermann*, 16 Mo. App. 387.

The distinction, which is made by the courts, between the finding of the referee in such cases and those wherein the right of trial by jury does not exist, and wherein the referee performs the functions of a master in chancery only, is supported by authority. *Ely v. Ownby* (59 Mo. 441), is claimed as a case to the contrary. There Judge Napton says that, "as the referee reported to the court all the evidence on which he acted, there can be no question that the court could review his conclusions and correct them when erroneous, and this court must determine the point in controversy as the circuit court would upon the evidence reported." In that case, however, the referee merely acted as a master in determining the accuracy of a receiver's report, and there was no claim that the right of trial by jury extended to the subject of reference.

It is evident, therefore, that when in any cause, wherein the right of trial by jury exists, a reference is had by consent, the powers of the court, upon coming in of the referee's report, are limited. If the referee, by the order of reference, is authorized so to do and does make special findings of fact in his report, and upon such findings makes erroneous conclusions of law, the court may set aside his conclusions and render a judgment based upon his special findings of fact. This is on the theory that the facts being once established, the judgment of the court is a mere conclusion of law. But when in such a cause, the reference is had without directions, and the referee makes no special finding of facts, but does find generally in favor of one party or the other, the court may either confirm or set aside his report, but can not examine the testimony reported and make a separate finding of its own, different from that of the referee, unless it appears that there is no controversy between the parties concerning the facts. The waiver of a right of trial by jury, which necessarily precedes a reference by consent in causes where such right exists, is

a waiver in favor of the referee, and not one in favor of the judge of the trial court. Parties may be willing to accept the referee as a substitute for a jury, and yet disinclined to accept the judge as such substitute. Yet the judge in examining the testimony reported by the referee, and making his own finding of facts upon such testimony, performs the functions of a jury as distinctly as he would if examining the witnesses, instead of their testimony as reported.

But while these propositions appear to be free from doubt, their correct application to the facts disclosed by the record is not without difficulty. The plaintiff, having obtained judgment against the Windsor Flats Company, caused an execution to be issued thereon, upon which the defendant, Chas. H. Peck, was summoned as garnishee. Issues were made up in the garnishment proceeding by denial and reply, the former stating that the defendant garnishee had in his possession the proceeds of certain property of the Windsor Flats Company, which he had acquired in fraud of its creditors. Issue was taken by reply to this allegation, and the issue thus made was, by consent of parties, sent to a referee for trial. The referee heard the case and reported to the court, stating in conclusion: "My conclusion upon this case is that the acquisition of the property of the Windsor Flats Company, by the defendant, Chas. H. Peck, at the sale made by the trustee, Garesche, June 7, 1881, was fraudulent and void as to the creditors of the company.

"I accordingly find that, at the date of the garnishment, the defendant, Chas. H. Peck, had $15,000 in cash in his hands, proceeds of a sale by him of property which he had obtained from the Windsor Flats Company, in fraud of its creditors, and I consider him liable in said sum, as garnishee of the company."

The testimony taken by the referee, and reported to the court, is not before us, but the record before us admits in express terms: "That the facts as found by the referee in his said reports are true, and that there was evidence tending to prove that there was fraud in fact on

the part of the defendant, in the acquisition of the property." It will thus appear, that if the trial court, upon the coming in of the referee's report, had simply confirmed the same and rendered judgment against the garnishee as recommended, then, under the facts admitted by the record, the defendant would have been precluded from obtaing the review of such judgment upon this appeal.

The appellant, however, contends that his position is changed by subsequent proceedings. He filed his exceptions to the referee's report, and while such exceptions were pending, the report was recommitted by the court to the referee, with instructions to be more explicit in his findings.

The order of recommittal is not preserved in the record. A memorandum of the judge, which is preserved, states: "Inasmuch as a doubt exists, as to the proper construction of the report, the case will be recommitted to the referee to state more specifically, whether the deed of trust recorded April 20, 1881, under which the garnishee derives title, was made, delivered, and accepted, with intent to hinder, delay, or defraud creditors, or whether such intent existed when the deed was recorded."

In pursuance of this order, the referee made his supplemental report, which is preserved in the record. We have carefully examined this supplemental report, and find that it contains no distinct finding on the facts submitted. Instead of assuming the burden of determining in unequivocal terms, whether the defendant was guilty of any fraud in fact, the referee leaves it to the court to determine whether such fraud is inferable, under the testimony, from the defendant's relation to the company, and fails to make any further finding on the subject, one way or the other.

Upon the coming in of this supplemental report, the court overruled the defendant's exceptions to the first report, and entered judgment in favor of the plaintiff. The defendant now contends that the court committed error in overruling his exceptions. His argument is, that, conce ling that he was guilty of fraud in law, in securing a

preference as a director of the corporation, yet he can not be held liable in a garnishment proceeding at the instance of any creditor of the corporation. That the remedy of the creditor, under such circumstances, is to avoid the preference by creditor's bill, and permit him to share *pro rata* with other creditors holding valid obligations in the assets of the company.

Conceding the force of this argument, we can not see its application to the facts of this case.

Whatever explanation the referee may have made, he made only one finding, namely: that the defendant, at the date of the service of the garnishment, had $15,000 in his hands, proceeds of a sale by him of property of the Windsor Flats Company, which he obtained in fraud of the creditors of the company. The record expressly admits that "the facts so found are true." We can not treat the referee's explanation in his supplemental report as a subsequent and different finding, otherwise the admission in the record, that the facts so found by him are true, would go for naught. Nor was the supplemental report so considered by the trial court. Nor is there anything to show that the trial court made a separate and distinct finding from the testimony, contrary to the finding of the referee.

It was the duty of the court to examine the testimony in order to ascertain whether the finding of the referee was warranted; and the record fails to disclose that the court went beyond this in the present action.

We will state in this connection, however, that the insertion of the written opinion of the trial court in cases like this, for the purpose of impeaching its judgment, can subserve no useful purpose. The validity of the action of the trial court must be determined on appeal by the validity of its orders as evidenced by record entry, and by its rulings, to which exceptions were saved and preserved in the record. We have treated such written opinion in some cases, where the court tried a cause, sitting as a jury, and no instructions were asked or given, as declarations of law made by the court of its own motion. It

must be evident, however, that as mere memoranda of the process by which the court, in its reasoning, reaches a certain result, they are no more available for the purpose of impeaching the finding or judgment of the trial court, than declarations of jurors would be for the purpose of impeaching their verdict.

We see no error in the record and must affirm the judgment. All the judges concurring, it is so ordered.