John Donovan, Appellant, v. W. H. Barnett, Respondent.

St. Louis Court of Appeals, October 25, 1887.

1. Practice—Jury Trial.—A petition which does not ask for an accounting, or for other equitable relief, but which prays for a money judgment, states a cause of action triable by a jury.

2. ——— Reference—Findings of Fact.—The finding of fact by a referee, in such a case, is conclusive, and not subject to review on appeal.

Appeal from the St. Louis Circuit Court, Daniel Dillon, Judge.

*Affirmed.*

Henry W. Bond and George R. Thomas, for the appellant.

Krum & Jonas, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The petition alleges that the defendant had a contract with the city of St. Louis for paving parts of Pine street and Main street, with granite blocks, and thereupon entered into a contract with the plaintiff to take charge of the construction and superintend the work, in consideration whereof the plaintiff was to receive from the defendant one-fourth of the net profits of the contract with the city; that the plaintiff has duly performed his agreement, but that the defendant has failed to pay him one-fourth of the profits realized by the defendant from his said contract, and that there is due to the plaintiff from the defendant, upon a just accounting, two thousand dollars, for the work on Pine street, for which sum the plaintiff asks judgment. In a second count the plaintiff charges that there is due to him, in like manner, for the work done on Main street, the sum of eight hundred dollars, for which he also asks judgment.

The petition does not pray for an accounting, or for any sort of equitable relief. It simply demands judgment for specific sums of money alleged to be due, and thus falls within the literal terms of the statute, which would require a trial by jury on the demand of either party. Rev. Stat., sect. 3600. In all such cases the findings of fact by a referee are as conclusive as the verdict of a jury, and an appellate court will not review such findings, if there was substantial evidence to sustain them. *Western B. B. Ass'n v. Kribben*, 48 Mo. 41; *Prendergast v. Eyermann*, 16 Mo. App. 387. The answer was only a general denial.

The cause was referred, by consent, to Hon. R. A. Bakewell, with instructions to find and report upon all the issues. After hearing all the evidence submitted, the referee found that the plaintiff had been overpaid in his share of the profits realized, by the sum of $36.28, and recommended a judgment in favor of the defend-

ant. The plaintiff's exceptions to the referee's report were overruled, and a judgment was rendered for the defendant.

The plaintiff's exceptions to the report of the referee are, in various forms of phraseology, confined to impeachments of his findings of fact from the evidence, and of his conclusions of law. We have carefully examined the whole record, and fail to discover that any finding of the referee was not amply sustained by the testimony before him. This is sufficient, as we have already shown, to preclude any weighing of the testimony by this court, and to require that the ultimate finding of the referee be left undisturbed. We may add, however, that if this were a case in which we might weigh the evidence, the referee's presentation of the various points is so clear, and his deductions from the testimony are so uniformly just, and consistent with right reason, that we could not, with our present views of the issues and proofs, reach any different conclusion. The items of fact were very numerous, and were as carefully considered *seriatim* by the referee, as if he were acting under instructions to state an account. No useful purpose would be served by a recapitulation of the items here, with the proofs relating to them.

The referee's conclusions of law are not, as such, properly reviewable. The only legal conclusions subject to appellate criticism are such as may be discerned in the judgment rendered by the court, upon the facts found by the referee. It suffices to say that, in this case, the judgment rendered was the only one possible upon the referee's report. No exceptions were properly saved upon any rulings in the admission or exclusion of testimony, or upon any rulings whatever, except as above stated.

It follows that the judgment must be affirmed. All the judges concur.