STATE OF MISSOURI *ex rel*. FRANK L. PITTS, Respondent, v. PETER COOPER BUILDING & LOAN ASSOCIATION, Defendant; KATE CUMMINGS, Appellant.

St. Louis Court of Appeals, December 7, 1897.

Practice, Appellate: ISSUE: CONFLICT OF EVIDENCE: FINDING. Where the issue involved is merely one of fact, and the evidence is conflicting, the finding of the trier of the fact will not be reviewed on appeal.

*Appeal from the St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

*Blevins & O'Brien* for appellant.

The court erred in holding that appellant was a stockholder as to the amount ($554.45) represented by the check deposited by her with the association on March 30, 1897. *Wild v. B. & L. Ass'n*, 60 Mo. App. 200; *Grohman v. B. & L. Ass'n*, 68 *Id*. 200.

The court and commissioner erred in holding that the certificate and pass book issued to appellant March 30, 1897, were conclusive upon her showing the prepayment of $554.45 on the five shares of stock subscribed on that day. Moreover, the certificate does

not comply with the statute. Session acts 1895, p. 107, sec. 6; *Wild v. B. & L. Ass'n*, and *Grohman v. B. & L. Ass'n, supra.*

The question of appellant's status as a withdrawing stockholder is not involved in this case, she having given notice of her intention to withdraw and having withdrawn. But even if such question were involved, she would still be a creditor, for the association was a solvent going concern at the time of the notice of withdrawal, and when she received the check. *Hohenshall v. B. & L. Ass'n*, 41 S. W. Rep. 948; *Miller v. B. & L. Ass'n*, 50 Pa. St. 32.

*W. A. Alderson, W. O. Gray* and *J. W. Valliant* for respondent.

BOND, J.—The defendant building association was dissolved by a decree of court on the sixteenth of January, 1897. A receiver, therefore, was appointed, and also a special commissioner to hear and determine claims. Kate Cummings presented a claim against said corporation as a general creditor for the sum of $554.45. After hearing the evidence the special commissioner reported, allowing said amount in her favor as a stockholder's claim. She filed exceptions to this report in the circuit court, which were overruled, and the report confirmed. Thereupon she perfected her appeal to this court.

The only question presented by this appeal is, whether the appellant should be classed as a creditor or stockholder of the dissolved corporation. Of course, if she is a general creditor, she is entitled to priority in the payment of her claim as such over the claims of the stockholders of the corporation in the administration of its assets. *Hohenshall v. Home Loan &*

PRACTICE, appellate: issue: conflict of evidence: finding.

*Savings Association*, 41 S. W. Rep. 948. Whether she occupied the one status or the other, was determinable under the evidence adduced on the trial. The special commissioner and the trial judge, in approving the commissioner's report, found from the facts that she was only a stockholder. Hence, if there is any substantial evidence in support of these findings, the judgment must be affirmed, as no errors of law are complained of. It is not denied that anterior to March 30, 1896, appellant was a stockholder in the building association. On that day the evidence shows she was entitled to receive $554.45, as a withdrawing stockholder; that a check for this sum was given her and indorsed back to the corporation, she receiving in exchange the following certificate:

## "Certificate.

"This is to certify that Mrs. Kate Cummings is the owner of 5 shares of Installment Stock in the 34 (sic) Series of the Peter Cooper Building and Loan Association, and has paid thereon the first month's installment. (sic)

"This stock participates in the profits of the association, as provided in section 33 of the By-laws, and is withdrawable on thirty days' notice, subject to section 34 of the By-laws.

"A. H. Kohlmeyer, President.
"J. B. Follett, Secretary.

## "Pass Book.

| Book No. 939 | | Shares 5 | | Loan...... |
|---|---|---|---|---|
| Date 1896 | Dues | Fines | Interest | Secretary |
| March 30 | $554.45 | ...... | . .... | J. B. Follett |
| March 30 | 5.00 | ...... | ..... | J. B. Follett |

Appellant was informed when this transaction took place that the $554.45 would draw interest, provided she kept up her monthly payments on the new stock from other sources. There is no evidence that these monthly payments were made independently of said sum. Section 6 of the acts of 1895 (Sess. Acts 1895, p. 107) provides that a certificate issued according to its terms and properly authenticated, shall constitute a contract between building associations and their stockholders, and shall fix the liability of the corporation. The certificate in the case at bar does not bear the seal of the corporation as required in this act. If this defect deprives it of its legal conclusiveness under the statute, it does not wholly lose its evidentiary character on that account; it is still *prima facie* evidence of the understanding of the parties, and as such it indicates that appellant had assumed the relation of a stockholder. The burden of proving that she was a general creditor and not a stockholder, rested upon the appellant. Upon the conflicting evidence on this point the trier of the fact found against her, hence there is nothing for review in this case, and the judgment will be affirmed. All concur.