STATE OF MISSOURI ex rel. FRANK L. PITTS, Etc., Respondents, v. THE PETER COOPER BUILDING AND LOAN ASSOCIATION, Defendant; ELIZA LACEY, Appellant.

### St. Louis Court of Appeals, March 15, 1898.

Building and Loan Association: COMMISSIONER: REFEREE IN CHANCERY: PRACTICE, TRIAL. The exceptions to a report of commissioner appointed by the circuit court under the statute governing the winding up of the affairs of a defunct building and loan association, must be determined by the practice concerning exceptions to the reports of referees in other chancery cases. In such cases it is considered that the court has delegated a part of its judicial functions to the referee and exceptions to his decisions are tried solely upon the evidence taken by him, unless good cause is shown for reopening the case.

*Appeal from the St. Louis City Circuit Court.*—HON. SELDON P. SPENCER, Judge.

AFFIRMED.

H. A. LOEVY and ARTHUR KAMMERER for appellant.

The court took up appellant's exceptions and appeal; she offered the association's books of accounts to show that the demands allowed lenders to the association after June 21, 1895 (when the law permitting it to borrow to a limited extent went into effect), to date of dissolution, were far in excess of that limitation, and also of the limitation prescribed by its own by-laws, and that therefore the demands allowed were

contracted in the face of the statutory and by-law pro-
hibition.    There was no objection to this evidence.
The court took the case under advisement, and later,
summarily and of its own motion, set aside the hearing
and overruled her exceptions and appeal, on the ground
that appellant had not shown any cause why her excep-
tions should be reheard by him.    Appellant could not
know, until the report was filed, what the commissioner
would find and report; whether he would allow claims
for loans at all, or if he did, that he would give the
lenders preference over the stockholders in order of
payment, or *vice versa*.    Therefore, when the report
was filed and she learned, for the first time, that the
lenders were to have priority over herself and fellow
stockholders, she properly filed her exceptions and
appeal in the manner provided in the circuit court.
Having excepted and appealed, it was the duty of the
court to hear and consider all the testimony she desired
to offer to show that the demands of the lenders so
allowed were illegal, null and void.

W. A. ALDERSON, W. O. GRAY and J. W. VALLIANT
for respondent.

Counsel for appellant have termed her exceptions
to the commissioner's report an "appeal."    This mis-
nomer probably arises from the record entry providing
for the appointment of a commissioner and the hearing
of claims against the association, which recites that
"any person feeling himself or herself aggrieved by the
decision of the commissioner upon any claim, may
appeal therefrom."    The use of the word "appeal,"
instead of the word "exceptions," as is the proper term
in such a proceeding, can not give to the appellant any
right greater than that which attends a proceeding
before a commissioner or referee, and the action of the
court upon his report.    It may be correctly asserted

that the record shows an indulgence to the appellant in the circuit court upon the hearing of her exceptions to the commissioner's report greater than that to which she was entitled, and that she was permitted to exercise the very right for which she now contends; because the court not only considered the commissioner's report, but actually heard new and additional evidence offered by the appellant; and, in fact, there was a trial *de novo* of her exceptions before the circuit court. On this hearing the court found that the new evidence was not sufficient to overcome the report of the commissioner, which was confirmed. But the appellant was not entitled to a trial *de novo*, as on an appeal from a judgment of a justice of the peace or from a finding of a statutory assignee, both of which proceedings are governed by statute. The matters attending a proceeding before a commissioner, or, to use the statutory term, referee, and the consideration of his report by the court which appointed him, are governed by the common law and usage and practice, to which the memory of man runneth not to the contrary; and the rule was not changed in this particular case by the record entry in which the word "appeal" was used, when it was intended to designate "exceptions" to the commissioner's report. The findings of a referee or commissioner have always been and are now regarded as a special verdict. It is the duty of the commissioner, or referee, to report all the evidence to the court, together with his findings thereupon, and, nothing to the contrary being shown, it is to be presumed that such is done, and was done in the pending proceedings. The very purpose of the reference of matters pending before a court, or the appointment of a commissioner to pass upon claims and other matters incident to a chancery suit, such as in receivership proceedings, is to relieve the court of all labor or inquiry into certain details which can better

be done by a person specially appointed for the purpose. If on the report of the referee or commissioner the whole matter is to be tried *de novo*, regardless of his findings and his report of the evidence submitted, the very purpose of the appointment is defeated. The old rules governing proceedings before masters in chancery have been followed in reference proceedings under the statutes of Missouri. The supreme court of Missouri has declared that the statutory reference is the same as the proceeding before a commissioner or master appointed to report facts for the information of the chancellor before the adoption of the code of civil procedure. Lingenfelder v. Wainwright Brewing Co., 103 Mo. 578; Darling v. Potts, 118 Mo. 506; Lee v. Dunn, 29 Mo. App. 467; Bender v. Markle, 37 Mo. App. 234; Smith v. Paris, 70 Mo. 615.

BIGGS, J.—By an act of the legislature (Sess. Acts 1895, p. 28) a bureau for the supervision of building and loan associations was created. The state treasurer is made *ex officio* supervisor of the bureau. If a building and loan association violates its charter or conducts its business in an unsafe and unauthorized manner, or its assets become materially impaired, it is the duty of the supervisor to institute proceedings in the circuit court of the county in which such association has its principal office, "to enjoin or restrain such association from the further prosecution of its business, either temporarily or perpetually, or for such injunction and the dissolution of such association and the settling and winding up of its affairs, or for any and all said remedies combined, as the said supervisor may deem necessary." (Sec. 7.) The act further provides that "the jurisdiction of circuit courts, and the process, pleadings and proceedings had in the cases instituted

under this act, shall be the same as are now provided by law for the winding up and dissolution of insurance companies, so far as such provisions of law are applicable." (Sec. 8.) In proceedings to wind up the business of insurance companies, the statute provides that the court "shall appoint one or not more than three disinterested persons as commissioners to receive and decide upon the claims presented against such company, who shall give notice of the times and places of their meeting for that purpose, in such manner as said court shall prescribe, and within one month after the expiration of the time so limited, shall file with the clerk of said court a list of claims presented to them, specifying those allowed, the amount allowed and those disallowed." (R. S. 1889, sec. 5946.) In the case at bar the Peter Cooper Building and Loan Association No. 2 was a corporation engaged in the business of a building and loan association in the city of St. Louis. It became insolvent and under the provisions of the aforementioned statute it was placed in the hands of a receiver on the petition of the relator, who is the present state treasurer. A commissioner was appointed to hear testimony and allow claims. The order of appointment contained the following paragraphs:

"The commissioner may hear proof for and against any claim presented to him, and shall allow, classify or disallow the same, as in his judgment the proof justifies. When the hearing shall be completed the commissioner shall, as soon as convenient, make his report to the court."

"Any person feeling himself or herself aggrieved by the decision of the commissioner upon any claim may appeal therefrom within five days from the filing of the commissioner's report, by filing a notice of such appeal, and the reasons therefor, with the clerk of this

court, and entering the same on the motion docket of the court.''

Eliza Lacey (appellant herein) presented to the commissioner a claim for $1,500. She contended that she was a creditor of the association and she asked that her claim be so classified. After hearing all the evidence submitted for and against the claim, the commissioner decided that the appellant was a stockholder and as such her claim was classified. The report of the commissioner was filed on June 9, 1897. It contained the evidence heard by the commissioner, his conclusions as to the various claims, and their classifications as made by him. He classified and allowed the debts of general creditors as preferred demands. The claims as stockholders were put in a separate list. On the fifteenth day of June Mrs. Lacey filed her exceptions to the report of the commissioner. She complained of the classification of her demand, upon the ground that she was a creditor and not a stockholder. She also excepted to the action of the commissioner in allowing the debts of the general creditors as preferred demands, for the reason that the claims were for money borrowed by the association, and that in borrowing the money the officers of the association had acted outside of their charter powers. When the exceptions were first presented to the circuit court Mrs. Lacey was permitted to introduce additional evidence consisting of entries in the books of the corporation. The purpose was to show that the amount of money borrowed by the association exceeded the limit provided by the statute. Subsequently the court concluded that the exceptions must be determined upon the evidence taken by the commissioner, and it excluded the additional evidence that had been offered by Mrs. Lacey. Thereupon the court overruled the exceptions and approved the report of the commissioner. Mrs. Lacey has appealed.

Counsel for appellant concede that under the evidence before the commissioner the claim of appellant was properly designated or classified as that of a stockholder. Their contention now is that the appellant was entitled to a trial *de novo* in the circuit court and that the court erred in excluding the additional evidence offered by her. The argument is that the commissioner can not be treated as a master in chancery or that like proceedings should be had upon his report as are had upon the return of a referee in a chancery proceeding, for the reason that by the order of the court making the appointment the right of appeal is granted to any claimant, who might feel herself aggrieved by the decision of the commissioner. We have been unable to perceive the force of this argument. If such a commissioner is not to be regarded as a master or commissioner in chancery, he can not be placed in any category. He can not be treated as a statutory referee, for the reason that the action is not at law, but is essentially equitable in its character. The statute contemplates an injunction against the officers of the association, the destruction of the corporation itself, and the adjustment and winding up of all its business affairs. Neither can the commissioner be treated as a mere agent to take testimony for the information and guidance of the court, for the reason that the statute makes it his duty to pass on claims. Therefore we are of the opinion that the exceptions to the report of such a commissioner must be determined by the practice concerning exceptions to the reports of referees in other chancery cases. In such cases it is considered that the court has delegated a part of its judicial functions to the referee and exceptions to his decision are tried solely upon the evidence taken by him, unless good cause is shown for reopening the case.

Under the recent act (Acts 1895, p. 105) governing loan and building associations it is provided that such associations "shall have power to borrow money for temporary purposes, not inconsistent with the objects of their organization; but no loan for such purpose shall have a longer duration than two years, *nor shall such indebtedness exceed at any one time the aggregate amount of the income from dues and interest for six months.*" In view of this statute the further contention of counsel is that the amount of money borrowed by the officers of the association (the claims for which were allowed as preferred demands) was largely in excess of the income of the association, and that therefore all of such loans in excess of the statutory limit were absolutely void, and should have been disallowed. One difficulty with this contention is that there was no attempt made to prove these alleged facts when the matters were before the commissioner. Neither is there sufficient data in the record (as preserved in the bill of exceptions) from which they could be justly inferred. However, we do not wish to be understood as intimating that if there had been such proof the conclusions of counsel would be sound. The judgment of the circuit court will be affirmed. All the judges concur.