State ex rel. F. L. Pitts, Respondent, v. Peter Cooper Building & Loan Association, Defendant; Margaret Ferguson, Appellant.

### St. Louis Court of Appeals, January 10, 1899.

1. **Commissioner Under Revised Statutes 1889, Section 5946, a Referee in Chancery.** A commissioner appointed under section 5946, Revised Statutes 1889, must be regarded as a referee in chancery, and therefore exceptions to his report must be determined by the equity practice.

2. **Building and Loan Association: STOCKHOLDER: CREDITOR.** In the case at bar, the paper which appellant accepted makes a *prima facie* case against her. She admits that she read and fully understood its contents. The association treated her as a stockholder and it advertised to pay interest on stock when the dues were paid in advance which is the contract stated on the back of the certificate delivered to appellant, and the defendant association had entered the transaction on its books as a purchase of stock. Held, that, on the evidence, the judgment was correct.

*Appeal from the St. Louis City Circuit Court.*—Hon. Daniel D. Fisher, Judge.

Affirmed.

John M. Wood for respondent.

(a) Appellants' argument and citation of authorities to show their right to introduce extrinsic evidence to contradict the certificates are out of place in this discussion. Both the commissioner and the court below proceeded on the

---

*Note.—In cases numbered 7116, 7185, 7266, 7267, 7268, 7269, 7270, 7271, and 7370 of the files of the St. Louis Court of Appeals, October Term, 1898, on the tenth day of January, 1899, in which cases the parties respondent and defendant respectively are the same as in this case, but in which cases different parties are appellants, respectively; the judgment of the trial court is affirmed in each of said cases for the reasons set forth in this case.—Reporter.

theory that such evidence was admissible and permitted appellants to introduce all the evidence they desired to contradict the certificate. I do not question the correctness of the law as announced in Wild v. B. & L. Association (60 Mo. App. 200), and other cases cited. (b) There is nothing for review in this case. In passing on a similar claim against respondent association in State ex rel. v. Cummings (72 Mo. App. 479), his honor, Justice Bond, speaking for this court, said: "Section 6 of the Act of 1895 (Sess. Acts 1895, p. 10), provides that a certificate issued according to its terms and properly authenticated, shall constitute a contract between building associations and their stockholders, and shall fix the liability of the corporation. The certificate in the case at bar does not bear the seal of the corporation as required in this act. If this defect deprives it of its legal conclusiveness under the statute, it does not wholly lose its evidentiary character on that account; it is still *prima facie* evidence of the understanding of the parties, and as such it indicates that the appellant has assumed the relation of stockholder. The burden of proving that she was a general creditor and not a stockholder rested upon the appellant. Upon the conflicting evidence on this point the trier of the fact found against her, hence there is nothing for review in this case, and the judgment will be affirmed." State ex rel. v. Cummings, 72 Mo. App. 479; Weeke v. Senden, 54 Mo. 129. Appellant. concedes "that her certificate is presumptive evidence that she is a stockholder." (c) Appellant's counsel quote from the opinion of the court in Grohman v. Brown (68 Mo. App. 630). The statement of the court quoted was fully justified by the facts in that case. But how different the facts in that from the facts in the cases at bar! Compare the receipt issued to the claimant in that case with the certificates issued to these appellants. The former simply certified that Maria M. Grohman had deposited so much money with the associa-

tion on which interest at a certain rate would be paid her
at certain dates, that "this receipt is convertible into the
stock of the association on payment of the regular member-
ship fees therefor." This, as will be seen, does not purport
to be a stockholder's certificate, but only a receipt for
money which would be accepted in payment of stock sub-
scription, provided a membership fee was paid. Again, it
was conceded by the respondent association in that case that
the claimant was not the holder of any of the various kinds
of stock designated in the by-laws of the association.
*  *  * In the cases at bar the certificates show that the
holder is the owner of stock in the association and of the
kind authorized by the association and by statute,
i. e., full paid and prepaid stock, and the evidence further
shows that appellants were registered stockholders on the
books of the association and that a number of them asserted
their rights as stockholders. Under their certificates all
of them could, unquestionably, have exercised the rights of
stockholders. Elliott on Private Corporations [2 Ed.], p.
329; State ex rel. v. Ferris, 42 Conn. 560; Ex parte Wilcox,
7 Cow. 402; In re Baker, 6 Wend. 509. As appellants
neither argue nor cite authority in support of the proposi-
tion that they were entitled to a jury trial in the circuit
court, we assume that they have abandoned this contention.
I respectfully submit that under the law and the evidence
the judgments of the lower court in these cases should be
affirmed.

GEORGE W. LUBKE, JR., and LUBKE & MUENCH for
appellant.

The certificate in question is not the contract between
appellant and the defendant association. At most it is only
presumptive evidence that she was a stockholder. It is
subject to explanation and contradiction. Wild v. Building

& Loan Ass'n, 60 Mo. App. 200; Duncan v. Matney, 29 Mo. 368; Mudgett v. Horrell, 33 Cal. 25; Burgess v. Seligman, 107 U. S. 20; Grohman v. Brown, 68 Mo. App. 630; Union, etc., Ass'n v. Seligman, 92 Mo. 635. Mutual assent to the same thing in the same sense, unequivocal, unconditional and without variance is necessary to create a contract of membership in a corporation, as well as any other contract. Eads v. City, 42 Mo. 113; James v. Fruit Co., 69 Mo. App. 207; Strange v. Crowley, 91 Mo. 287; Green v. Cole, 103 Mo. 70. The burden of proving a contract is on him who seeks to enforce it. Wendover v. Baker, 121 Mo. 272; Egger v. Nesbit, 122 Mo. 667. One can not be made a stockholder in a corporation without his consent or authority. There must be a contract between him and the corporation. McClelland v. Whitely, 15 Fed. Rep. 322; Tianic & Co. v. Lang, 63 Mo. 480; Carlisle v. Railroad, 27 Mich. 315; Mudgett v. Horrell, 33 Cal. 25.

BIGGS, J.—The matter here in controversy arises out of proceedings instituted by Frank L. Pitts, state treasurer, to enjoin and restrain the Peter Cooper Building and Loan Association, the defendant herein, from further prosecution of its business, and for a dissolution of the association, and the winding up of its affairs. The proceedings are authorized by the act of the legislature (Sess. Acts 1895, p. 28) establishing a bureau for the supervision of building and loan associations. That act provides that the procedure in such cases shall be the same as provided by statute for winding up insurance companies. In proceedings to wind up the business of insurance companies the law provides that the court "shall appoint one or not more than three disinterested persons as commissioners to receive and *decide* upon the claims presented against such company who shall give notice, etc." (R. S. 1889, sec. 5946.) In pursuance of the statute

the circuit court appointed a commissioner to receive and decide upon claims presented against the defendant association. The appellant, Margaret Ferguson, claimed that the association owed her $517, with interest from January 1, 1897. She presented her claim to the court for allowance. He heard the evidence, and decided that she was a stockholder in and not a creditor of the association, and that therefore she was not entitled to participate in the distribution of the assets of the association until its creditors were paid. She filed exceptions to this report. The exceptions were disallowed by the circuit court and the report approved. Mrs. Ferguson has appealed from the order approving the report.

The appellant testified before the commissioner that on the tenth day of October, 1894, she went to the office of defendant for the purpose of loaning some money; that she was induced to do so by the advertisement of the association that it would pay seven per cent interest on either call or time loans; that she then and there loaned defendant $517 and received in return the following paper with the indorsement thereon:

"No. 1454.          $517.          Peter Cooper.     $517.
                Building & Loan Association.

"Exhibit A.

"This is to certify that Mrs. Margaret Ferguson is the owner of four shares in the 28th series of Stock of the Peter Cooper Building & Loan Association and has paid in dues thereon the sum of five hundred and seventeen dollars.

"St. Louis, October 10th, 1894.

                                        "J. B. Follett,
"(Seal.)                               "Secretary.

"This certificate is transferable only on the books of the association; it bears interest at seven per cent per annum, payable semiannually during the period commencing with

State ex rel. v. Peter Cooper B. & L. Ass'n.

the date hereof and ending October 10th, 1895, or until it shall be redeemed and its owner hereby waives all claim to any further participation in the profits of the association.

"_____

"Owner."

(Indorsements on back.)

"Pd. Int. June 10th, '95, $18.09.      $4,409.
"Paid int. January 5—1897—18 mos.
"Ck. No. 5155—$54.28."

The testimony of the appellant is corroborated by that of her daughter. The advertisements referred to stated that the defendant would pay interest for time deposits and *"for dues paid in advance."* The books of the association show that the appellant was a stockholder. Under this evidence the appellant claims that the decision of the commissioner was wrong and that the circuit court committed error in overruling her exceptions. We decided in State ex rel. v. Building Association, 74 Mo. App. 167, that a commissioner appointed under the foregoing act must be regarded as a referee in chancery and therefore exceptions to his report must be determined by the equity practice, that is controverted questions of fact must be determined by a consideration of the entire testimony. (Prendergrast v. Eyermann, 16 Mo. App. 387.) We have read the testimony carefully. The paper which appellant accepted makes a *prima facie* case against her. She does not claim to be illiterate, and she admits that she read and fully understood its contents. Add to this the fact that the association treated her as a stockholder and that it advertised to pay interest on stock when the dues were paid in advance which is the contract stated on the back of the certificate delivered to appellant, and an exceedingly strong case is made out in favor of the finding of the referee. The opposing testimony was entirely oral. As the referee had the witnesses before hm, and his

opportunity of judging of their credibility was better than ours, we are inclined to uphold his finding. Besides it is questionable if the appellant ought to be allowed under the circumstances to explain or contradict the certificate. The uncontradicted evidence is that the association regarded the appellant as a stockholder. We decided in Wild v. B. & L. Ass'n, 60 Mo. App. 200, that a certificate of stock was not of the character of an agreement, and therefore it was competent to show that it did not represent the purchase of stock, but was accepted as evidence of a loan. In that case, however, it was undisputed that the books of the association showed that the plaintiff was a creditor. The gist of the decision was that the acceptance of the certificate had the effect only of an admission that the transaction was for the purchase of stock, and that it was competent for the plaintiff to explain or contradict the admission, as it appeared that the association had not acted on it. But in the case at bar the evidence shows that the defendant association understood the agreement as presented by the certificate and had entered the transaction on its books as a purchase of stock. Whether this should estop appellant from proving the transaction a loan, is questionable. The decision of the point is not necessary, and we refrain from passing on it, as we are clear that the judgment should be affirmed on the evidence.

The judgment of the circuit court approving the report of the commissioner will be affirmed. All concur. Judge Bond for the reasons given in State ex rel. v. Cummings, 72 Mo. App. 479.