# WILLIAM GIBBS et al. v. MAUD HAUGHOWOUT et al., Appellants.

### Division One, November 27, 1907.

1. **CONVEYANCE: Deed as Security.** A deed absolute in form, intended by all the parties thereto to be a mortgage to indemnify the grantee as a surety on the maker's appearance bond, is only a mortgage, and a performance of the bond by the maker entitles him to a reconveyance of the property.

2. ——: ——: **Attorney's Fee.** And having been made for the purpose alone of indemnifying the grantee as such surety, he cannot refuse to reconvey the land on the theory that the deed was made to secure also the payment of his legal fees as attorney in defending the grantor against the criminal charge in connection with which the appearance bond was given. And even if so made, in this case the agreed fee was paid, and having been paid, the deed cannot be considered security for a larger fee shown to be the value of the legal services rendered.

3. ——: ——: **Grantee Dead: Grantor Cannot Testify.** The grantee being dead at the time of the trial the grantor is not a competent witness to testify as to what the contract was in pursuance to which the deed was made. And it was error to permit him to testify.

4. ——: ——: ——: **Harmless Error.** But notwithstanding such error, the judgment for the grantor holding the deed to be a mortgage and the obligation to have been performed, will not be reversed if the contract was plainly established by the uncontradicted testimony of other competent witnesses, for in that case the error was harmless.

5. **EQUITY: Exclusion of Evidence.** In an equity case the appellate court on appeal will exclude evidence improperly admitted and will not reverse the judgment for error in admitting it if the evidence remaining shows the judgment was for the right party.

Appeal from Christian Circuit Court.—*Hon. Asbury Burkhead,* Judge.

AFFIRMED.

*R. A. Mooneyham* and *G. Purd Hays* for appellants.

(1) The presumption of law, independent of proof, is that an instrument purporting on its face to be a sale, is what it purports to be, and to overcome this it has been said by many authorities of undoubted repute that the evidence that a mortgage was in fact intended must be clear, satisfactory and convincing, cogent, precise and indubitable, explicit and unequivocal or at least conclusive. 20 Am. and Eng. Ency. Law (2 Ed.), 954; Jones v. Rush, 156 Mo. 364; Mulock v. Mulock, 156 Mo. 431; Viers v. Viers, 175 Mo. 453; McKee v. Higbee, 180 Mo. 299; Forester v. Scoville, 51 Mo. 268; Johnson v. Quarles, 46 Mo. 423; Smith v. Smith, 100 Mo. 592; Atkinson v. Henry, 80 Mo. 157; Modrell v. Riddle, 82 Mo. 36; Rogers v. Rogers, 87 Mo. 259; Jackson v. Wood, 88 Mo. 78; Philpot v. Penn, 91 Mo. 45; Berry v. Hartzell, 91 Mo. 136; Keiser v. Gamman, 95 Mo. 224; Allen v. Logan, 96 Mo. 601; Burdett v. May, 100 Mo. 16; Taylor v. Von Schraeder, 107 Mo. 225; Reed v. Painter, 129 Mo. 682; Curd v. Brown, 148 Mo. 92; Pitts v. Weakley, 155 Mo. 136. Plaintiff had been convicted of larceny, as shown by the evidence introduced by himself; he was shown to have made statements inconsistent with his claim that the deed in controversy was executed as security; and his claim that Mr. Haughowout agreed

to accept $25 as full payment for all services rendered, is improbable. These facts tend strongly to discredit his testimony. Besides, the transaction is not marked by any of the *indicia* accompanying and following the execution of an absolute conveyance as a mortgage. 20 Am. and Eng. Ency. Law (2 Ed.), 944. (2) Gibbs was incompetent to testify to transactions with T. B. Haughowout, Mr. Haughowout being dead.

*J. C. West* for respondents.

WOODSON, J.—The plaintiffs instituted this suit against the defendants in the circuit court of Christian county, having for its purpose the cancellation of a certain warranty deed, alleged to have been intended by the parties thereto as a mortgage, dated October 24, 1901, duly executed by plaintiffs to T. B. Haughowout, now deceased, conveying to him and his heirs the north half of the southwest quarter of section thirty-four, township twenty-six, north of range twenty-one, west of the fifth principal meridian, containing eighty acres; all in Christian county, Missouri.

There was a trial had before the court, and the findings and decree were in favor of plaintiffs. After an unsuccessful motion for a new trial had been disposed of, defendants appealed the cause to this court.

The evidence on the part of the plaintiffs tended to prove substantially the following facts: That on or just prior to the date of the deed, William Gibbs, one of the plaintiffs, had been charged with grand larceny, in Jasper county, and had been arrested and placed in jail; that T. B. Haughowout was at that time a practicing lawyer at the Jasper County Bar; that said Gibbs employed said Haughowout to defend him against said charge, and agreed to pay him twenty-five dollars for his services, which was to be paid in thirty days, and evidenced by a promissory note and

secured by a chattel mortgage on some horses and a wagon; that he was confined in jail and had no money with which to pay said fees, and at the time the contract of employment was entered into it was agreed between them that Haughowout was to furnish him bail in the sum of three hundred dollars, in order that he might get out of jail and go to work and earn the money with which to pay the attorney fees; and that in order to indemnify Haughowout against loss for signing said bail, said Gibbs agreed to and did execute the warrantry deed mentioned, conveying to him the land described; that Haughowout accepted said deed under said agreement and had it recorded, and furnished the three hundred dollar bond for said Gibbs, and he was released from jail, and in due time he paid off the twenty-five dollar note, which was by Haughowout marked paid, and he surrendered the note and mortgage to Gibbs; that Gibbs appeared in court according to the conditions of the bond, from time to time, until finally the case against him was dismissed, and that by said dismissal he and his bondsmen were discharged from all liability upon the three hundred dollar bond, and that when Haughowout and the other securities were all released from all liability on the bond by the dismissal of the cause, it became the duty of said Haughowout under the agreement with Gibbs to reconvey the land back to the plaintiff Gibbs. Plaintiffs also introduced evidence showing that T. B. Haughowout was dead at the time of the institution of this suit, and that the defendants are his administrator and heirs at law, and that he demanded of them a reconveyance of the land in question and that they refused to reconvey it to him.

The defendants introduced evidence tending to prove that T. B. Haughowout was a lawyer, duly licensed to practice law in this State, and that he was an able and successful practitioner; that he represented Gibbs before the justice of the peace at his preliminary

hearing, and that he was bound over to the circuit court in the sum of three hundred dollars to await the action of the grand jury; that he and his brother, W. F. Haughowout, signed his bond; that Gibbs was subsequently tried and found guilty; that said Haughowout defended him in that trial, and filed a motion for a new trial, which was by him argued, and it was by the court taken under advisement; and that subsequently, when the court indicated that the motion would be sustained, the prosecuting attorney dismissed the case. The evidence also showed that the services rendered by Haughowout were worth from $250 to $400.

The evidence shows Haughowout had prepared the warranty deed in the morning of the day on which it was executed; that it was read over to Gibbs and his wife and they signed and acknowledged it, but said nothing at the time why they were making the deed.

The acknowledgment was taken by Maude Haughowout, a notary public, and wife of T. B. Haughowout.

I. All the evidence shows, and there is no pretense but what the warranty deed executed by Gibbs and wife was intended by all the parties to it to be a mortgage to indemnify T. B. Haughowout and his co-securities against loss for having signed Gibbs's bond for the sum of three hundred dollars, conditioned that he would appear from time to time before the circuit court of Jasper county to answer the charge of grand larceny, then pending against him. It is equally well etablished that Gibbs did appear before said court as required by the terms of said bond, and that finally the case was dismissed as to him. It is thus seen that there was no breach of the bond by Gibbs, and, consequently, Haughowout and his co-securities were fully discharged from all liability on said bond when the case was dismissed as to Gibbs.

The law is well settled in this State that when a person conveys land by deed absolute in form though

intended by all the parties thereto to be a mortgage to indemnify a security on an appearance bond and he has kept and performed all of the conditions of the bond, he is then entitled to a reconveyance of the property. [Bender v. Zimmerman, 122 Mo. 194.]

The defendants do not controvert the correctness of the legal conclusions above reached, but they contend that it was the intention of the parties to the warranty deed that Haughowout should hold the same as security for his fees due from defendant Gibbs. This contention is not tenable for two reasons—first, because there is no evidence in this record which tends in the remotest degree to show that either Gibbs or Haughowout so understood the transaction, but, upon the other hand, all the evidence affirmatively shows that the deed was given solely to indemnify him and his co-securities against loss for having signed Gibbs's appearance bond.

The second reason why this contention cannot prevail is, that there is not a scintilla of evidence in the case which tends to show that Gibbs made but one contract with Haughowout to defend him against the charge of grand larceny, and all the evidence shows that under that contract he was to pay Haughowout the sum of twenty-five dollars for his services to be rendered in that regard, and it was both proved and admitted that the twenty-five dollars had been paid according to contract.

We are, therefore, clearly of the opinion that the finding and decree of the court, based upon the evidence introduced, were correct, and would be affirmed without further consideration except for the error to be mentioned in the second paragraph of this opinion.

II. The pleadings and the evidence disclose the fact that at the time of the institution of this suit T. B. Haughowout, one of the parties to the deed in question, was dead; and that over the objections and exceptions of defendants, the plaintiff, William Gibbs,

the other party to the deed, was permitted to testify
as to what the contract was, as well as the nature of the
deed, and the purpose for which it was given.

Section 4652, Revised Statutes 1899, provides that
where one of the original parties to the contract or
cause of action in issue and on trial is dead, the other
party to such contract or cause of action shall not be
admitted to testify, etc. The action of the trial court
in permitting the witness Gibbs to testify in the cause
under the facts above stated was a plain violation of
said section of the statute. He was not a competent
witness in the case, and the court committed error in
permitting him to testify.

But notwithstanding this error, should the judg-
ment be affirmed? We are of the opinion that the er-
ror was harmless and did not and could not affect the
results of the case, even though the judgment should be
reversed and a new trial awarded, for the reason that
two other competent witnesses, and the only ones who
testified upon the subject, stated that they were present ·
when the agreement was entered into between Haugho-
wout and Gibbs regarding the execution of the deed
in question, and they are explicit in their testimony
that it was the understanding and agreement between
them that the deed was to be made by Gibbs to Haugho-
wout for the purpose of indemnifying the latter for
signing the former's appearance bond, and that he ex-
pressly agreed in their presence to cancel the deed or
reconvey the land to Gibbs if he appeared before the
court according to the conditions of the bond. There
is not a word of evidence in this record which tends to
contradict their evidence upon those questions. So,
if we exclude and disregard all of Gibbs's evidence,
which we must do under the plain letter of the statute,
yet all the evidence remaining in the case conclusively
shows that the deed was intended by the parties to be
a mortgage, and that it was given to indemnify Haugho-

wout against loss 'for having signed the bond, and not as security for attorney fees, for professional services to be rendered by him for Gibbs, as is charged in the answer of the administrator.

This court has many times held that on appeal in equity cases it would consider evidence which was improperly excluded by the trial court, or reject evidence improperly admitted when preserved in the bill of exceptions without reversing the judgment for that reason. [State ex rel. v. Jarrott, 183 Mo. 1. c. 218.] And it has also been uniformly held that in equity cases this court would on appeal proceed *de novo* to hear and determine the cause, deferring somewhat to the findings of the trial court; but if its findings and judgment were not sustained by the evidence and law, then this court would proceed to make its own finding and enter judgment as equity and justice might require. [Blount v. Spratt, 113 Mo. 48; Courtney v. Blackwell, 150 Mo. 267; State ex rel. v. Jarrott, 183 Mo. 204.] According to the doctrine announced in these cases, it is the duty of this court to exclude the evidence of Gibbs and to affirm the judgment, if it is for the right party.

After excluding the testimony of Gibbs, we are still of the opinion that this court would not be justified in disturbing the judgment canceling the deed in question.

This view of the case renders it unnecessary for us to pass upon the question as to whether or not the taking of the deposition of William Gibbs by one of the defendants without the knowledge or consent of the others waived his incompetency to testify in the case in so far as the other defendants were concerned.

Finding no reversible error in the record, and the judgment being for the right parties, it should be affirmed, and it is so ordered.

All concur.