# J. H. BRYANT AND CORA BRYANT, Appellants,. v. N. LAZARUS and T. P. NASSAUER, Partners Doing Business Under the Firm Name of LAZARUS & NASSAUER.

### Division Two, July 1, 1911.

1. **NECESSARY PARTIES.** Defendant should raise the issue of defect of parties before or at the time of filing his answer.

2. **ABSENT WITNESS: New Trial.** Where there is no showing of any effort to obtain the presence of a witness his failure to attend and give testimony is no ground for a new trial.

3. **NEW TRIAL: Newly Discovered Evidence.** Bryant and Clark were in the saloon business and were indebted to defendants and others, and upon condition that defendants would pay all their debts they transferred their saloon, its fixtures and stocks which much exceeded in value the amount of the debts, to defendants; and Bryant and his wife, in consideration that defendants would permit him to continue the business and would supply him with sufficient goods, and he would out of proceeds of sales pay the debts of himself and Clark, conveyed by warranty deed their separate lot to defendants, which was understood to be a mortgage to secure the performance of the agreement on his part. They did not comply with it upon theirs. *Held*, that newly discovered evidence, discovered after judgment for plaintiffs setting the deed aside, to the effect that Bryant was insolvent and Clark solvent when they went into the saloon business, could have no bearing on the issues, and was no ground for granting defendants a new trial.

4. **ORAL CONTRACT: Made Through Agent: Absence Not Explained.** Where plaintiffs seek to have their warranty deed set aside for lack of consideration and on the ground that it was intended as a mortgage to secure a stock of goods to be furnished by defendants to them, the failure of defendants to produce the agent as a witness who made the oral agreement on their behalf and to show any reason for such failure, raises a presumption that their defense, that the deed was not intended as a mortgage, is not made in good faith.

5. **SETTING ASIDE DEED: Intended as Mortgage: New Trial.** Where the evidence abundantly supports the finding of the trial court that plaintiffs' warranty deed was intended as a mortgage, and that the consideration therefor has failed, and there was no evidence in the case improperly admitted, the

action of the trial court in granting defendants a new trial, after judgment for plaintiffs, was error, and on appeal judgment for plaintiffs will be directed.

Appeal from Dunklin Circuit Court.— *Hon. J. L. Fort,* Judge.

REVERSED (*with directions*).

*W. W. Bandy, D. R. Cox* and *J. P. Tribble* for appellants.

(1) The court erred in sustaining respondents' motion for a new trial. The original verdict and finding of the court was for the right party and should not have been disturbed. It has long been the law in this State that a deed of conveyance, absolute on its face, if in fact intended merely as a mortgage, or security for a debt, will in equity be treated as a mortgage, the real intention of the parties in such case being the true test. Schradski v. Allbright, 93 Mo. 42; Oneill v. Chapelle, 62 Mo. 202; Brant v. Robinson, 16 Mo. 129; Desloge v. Ranger, 7 Mo. 327; Book v. Beasley, 138 Mo. 455; Bobb v. Wolff, 148 Mo. 335; Reilley v. Cullen, 159 Mo. 322; Jackson v. Lawrence, 117 U. S. 679. (2) In all such cases the real intention of the contracting parties determines the character of the transaction. Conway v. Alexander, 7 Cranch (U. S.) 218.

BROWN, J.—Action to cancel a warranty deed to real estate. The finding below was for plaintiffs; and they appeal from an order granting defendants a new trial.

Plaintiffs' petition is in two counts. The finding was upon the second count, which charges that in 1903 plaintiff J. H. Bryant and one T. J. Clark were the owners of a saloon and fixtures in Dunklin county, Missouri, and being indebted to defendants in a large

sum of money for whiskeys and other supplies, and being also indebted to other creditors in small amounts, pledged their saloon, fixtures and entire stock of liquors, etc., to defendants, pursuant to an agreement that defendants would pay themselves out of the proceeds of said property, and would also assume and pay all other debts of Bryant and Clark to other creditors. Said petition also alleges that plaintiffs as husband and wife were the owners, as joint tenants, of an improved town lot in Dunklin county, and that at the same time that Bryant and Clark pledged their saloon to defendants, plaintiffs entered into a separate contract with defendants, whereby, in addition to assuming the debts of Bryant and Clark, the defendants agreed to place plaintiff J. H. Bryant in charge of said saloon, and furnish him such additional liquors, tobacco and other supplies as would enable him to continue the saloon business, and out of the sales to be made by him pay the debts of said Bryant and Clark. That in consideration of said last named agreement, plaintiffs conveyed to defendants by warranty deed their town lot before mentioned, as security for the performance of said contract on their part. Plaintiffs allege that defendants wholly failed to perform their part of said last named contract; that they failed to pay the debts of Bryant and Clark; failed to furnish the plaintiff with any supplies; and turned over said saloon and fixtures to other parties, whereby plaintiffs received no consideration for the aforesaid warranty deed for said town lot; and pray that said deed be cancelled.

The answer of defendants is a general denial, and a plea of title in the real estate under the warranty deed.

The evidence of plaintiffs sustains the allegations of their petition. They testified that the defendants, who reside in Illinois, obtained the warranty deed for the town lot in dispute through a verbal contract entered into for them by their agent, one Ike Levy. That defendants failed entirely to perform the contract on

their part. Plaintiffs also gave evidence to the effect that the saloon, fixtures and liquors pledged to defendants were worth much more than the entire amount of the indebtedness of Bryant and Clark; and that said property was not pledged by reason of the insolvency or inability of Bryant and Clark to meet their obligations, but solely on account of a personal quarrel between Bryant and Clark on account of which they could no longer continue as partners. One P. P. Bryant, a brother of plaintiff J. H. Bryant, also testified that he was present when Cora Bryant signed the deed, and heard defendants' agent tell her it was only a mortgage; and that in order to induce her to sign the deed, said agent promised her that the lot would be reconveyed to her in sixty days. Two other witnesses testified to practically the same facts as plaintiffs; one of them, a lawyer, J. H. Tribble, stated that he called on Mr. Lazarus, one of the defendants, and requested him to reconvey the town lot to plaintiffs; that Lazarus exhibited to Tribble a letter written to defendants by their agent, Levy, stating that the warranty deed of the town lot now in controversy was only intended as a mortgage. The result of this interview was that defendants declined to reconvey the property to plaintiffs, except upon payment of $250.

Defendant Lazarus testified that the total indebtedness of Bryant and Clark was $1,260.25 at the time the saloon and town lot were transferred to defendants, of which indebtedness $893.65 was due to defendants, and the remainder to other parties. Defendant Lazarus also testified that he had no knowledge of the deed being intended as a mortgage for future supplies of liquors to be furnished to Bryant. He did not deny that he had failed to pay the other creditors of Bryant and Clark. Asked if he had not received a letter from his agent, Levy, explaining the contract under which the warranty deed for the town lot was executed and if he did

235 Sup.—39

not exhibit said letter to plaintiffs' attorney, Tribble, he denied that he had ever received such letter, or knew anything whatever about it.

I. R. Kelso, the attorney who represented defendants when the saloon and town lot were transferred to them, testified that he understood from the talk of defendants' agent Levy and plaintiff J. H. Bryant, that defendants assumed and agreed to pay all debts of Bryant and Clark; that he had no knowledge of either the saloon or town lot being simply transferred as a mortgage. No evidence was offered as to what amount defendants had realized from the saloon, fixtures and supplies turned over to them by Bryant and Clark.

The court found the issues for plaintiffs; whereupon defendants filed a motion for a new trial, alleging:

(1) That the verdict is for the wrong party.

(2) That the verdict is against the weight of the evidence.

(3) The admission of improper evidence.

(4) That T. J. Clark, formerly associated with plaintiff Bryant in the saloon business, should have been made a party defendant.

(5) That since the trial, defendants have found the letter from their agent Levy, referred to by witness Tribble, and which letter they attach to their motion.

(6) That defendants would not have announced ready for trial had they not expected Clark to be present; (but no showing is made of any effort to secure Clark's presence at the trial).

(7) That defendants have just discovered that plaintiff J. H. Bryant was entirely insolvent when he went into the saloon business with Clark, and that Clark mortgaged his home to go into said business.

The motion is supported by affidavits.

Defendants have not filed any brief; but we have considered the assignment of errors noted in their motion for a new trial.

We think the evidence abundantly supports the court's finding in favor of plaintiffs; and we find no evidence in the record which was improperly admitted over the objection of defendants. Some evidence not altogether relevant to the issues was introduced by the plaintiffs; but nothing appears to indicate that it could have mislead the learned chancellor who heard the case and made the findings.

If Clark, formerly a partner to plaintiff J. H. Bryant, was a necessary party to this action, defendants should have raised that issue before or at the time of filing their answer. It is too late to complain of such matters after going to trial. [R. S. 1909, sec. 1804; Reugger v. Lindenberger, 53 Mo. 364.] As no showing was made of any effort on the part of defendants to secure the presence of Clark at the trial, his failure to attend and give evidence is not a proper ground for a new trial.

We do not perceive that the alleged newly discovered evidence to the effect that Bryant was insolvent and Clark solvent when those parties went into the saloon business, could have any bearing on the issues herein. Plaintiff Bryant testified that he contributed most of the money to start the saloon; but all the partnership property, by whomsoever contributed, was liable for the partnership debts; and the only evidence as to the value of the saloon, fixtures and supplies was to the effect that they far exceeded all the indebtedness of the firm of Bryant and Clark. Defendants accepted the saloon and town lot as pledges for whatever contracts they entered into, and there is nothing in the evidence or pleadings indicating that they relied in any way upon either the solvency or insolvency of plaintiff J. H. Bryant.

Defendant's own attorney who was present when the saloon was sold or pledged to defendants, and who drew up the warranty deed for the town lot, testified that defendants, through their agent, Levy, agreed to

assume the debts of Bryant and Clark; and as one of the defendants was on the stand and did not deny that his firm had failed to pay the debts of Bryant and Clark, plaintiffs' evidence on that point practically stands admitted to be true. There was no substantial evidence offered to rebut the testimony of plaintiff J. H. Bryant, that defendants' agent Levy agreed that defendants, in consideration of the warranty deed for the town lot, would furnish said plaintiff with such additional supplies as were necessary for continuing the saloon business and that they wholly failed to comply with that agreement. Why Levy, who made the alleged contract with plaintiffs, as defendants' agent, was not used as a witness, or his evidence obtained and offered by the defendants, does not appear; and defendants' neglect to produce him as a witness or to show any reason for their failure so to do, raises a presumption that their defense is not made in good faith. [The Connecticut Mutual Life Insurance Company v. Smith, 117 Mo. 261.] The letter which their agent, Ike Levy, wrote to defendants, and which they attach to their motion for a new trial, as newly discovered evidence, contains nothing that would aid defendants upon a second trial. It partially corroborates plaintiff Bryant, in that it recites that the warranty deed was intended to be a mortgage; and as defendant Lazarus had upon the first trial, sworn most positively that he never rceived any such letter, and knew nothing whatever about it, even when his attention was called to the fact that he had exhibited it to witness Tribble, the introduction of the letter upon a second trial would tend to show that said defendant Lazarus had sworn falsely on the first trial; so that such letter would be much more harmful than beneficial to defendants, if it were used upon a second trial.

Defendants had a fair trial, and the finding of the trial court that the warranty deed for the town lot was intended as a mortgage, and that the consideration

therefor had wholly failed, is fully supported by the evidence and the law. [O'Neill v. Capelle, 62 Mo. 202; Gibbs v. Haughowout, 207 Mo. 384.]

It follows that the order of the circuit court granting defendants a new trial should be, and the same is, reversed; and said court is directed to render a judgment upon its findings, cancelling the warranty deed from plaintiffs to defendants, divesting the title to said town lot out of defendants and vesting the same in the plaintiffs; and it is also ordered that judgment be given in favor of the plaintiffs for the reasonable rental value of said town lot from the institution of this suit until possession of said property be delivered to the plaintiffs, together with the costs of this action. *Kennish, P. J.*, and *Ferriss, J.*, concur.