J. T. TATE, Defendant in Error, v. WABASH RAILROAD COMPANY, Plaintiff in Error.

Kansas City Court of Appeals, November 20, 1911.

1. **NEGLIGENCE: Husband and Wife: Release: Reform.** Plaintiff's wife was injured in the wreck of the defendant's railway train caused by its negligence. She adjusted and settled her claim for damages and gave defendant a written release. Defendant insisted that plaintiff's claim for damages on account of the wife's injury was included in the settlement and that he joined in the release by signing with her. His name appeared signed under hers at the place for signatures. He denied a settlement of his claim and insisted that he was only asked to witness her signature and in signing he inadvertently put his name at the wrong place on the paper, and asked the court to reform the instrument in this respect, which the court did. It was *held* that the evidence justified the court's action.

2. ———: ———: ———: **Failure to Call Witness: Presumption.** Where defendant's claim agent is in court and hears plaintiff testify that the agent asked him to sign a release of damages as a witness to his wife's signature and not as a party, and such

Tate v. Railroad.

agent is not called to deny these statements. *Held*, that presumably he would have been called as a witness if he could have truthfully denied plaintiff's statement.

3. ——:——: Petition: Evidence: Negligence General or Special. If the evidence is responsive to the petition, that is, proves the allegations of the petition as to negligence, it is sufficient, regardless of whether those allegations constitute general or specific negligence.

4. ——: ——: ——: Injury at Time of Trial: Connection. The condition of the wife at time of trial must be shown to be connected with the prior injury received from defendant's negligence; and in this case it was *held* that the question asked of a witness embraced that connection.

5. ——: ——: ——: Evidence: Insurance: Medical Certificate. Where the action is brought by the husband for damages occasioned to him by an injury to the wife, and it appears that she made application for life insurance after the injury, accompanying which was a physician's certificate as to her health, and that she had recovered from the effects of the injury: It was *held* that such certificate was not evidence against the husband and was properly excluded.

6. ——: ——: ——: Instructions: Abstraction Joining in Error. Where plaintiff's instruction merely states an abstraction and uses the word "fault" in place of negligence, without defining it, and defendant follows it by making use of the same word in the same connection, he cannot complain.

7. ——: ——: ——: Non-Direction. Where neither party asks an instruction defining negligence, it is mere non-direction, and, in a civil case, is not error.

Error to Adair Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

AFFIRMED.

*J. L. Minnis* and *Higbee & Mills* for plaintiff in error.

*John T. Barker* and *Campbell & Ellison* for defendant in error.

(1) The court did not err in reforming the release pleaded, as it was shown clearly that plaintiff

signed only as a witness and not as a party, and that
the mistake was mutual.  Casualty Co. v. Lumber
Co., 133 Mo. App. 637; Dougherty v. Dougherty, 204
Mo. 228; Mfg. Co. v. Car Co., 210 Mo. 715.  (2)  If
general negligence was pleaded, no proof of negligence
was necessary.  If specific negligence was pleaded, it
was sustained by the evidence.  Percell v. Railroad,
126 Mo. App. 43; Kirkpatrick v. Railroad, 211 Mo.
68; Knight v. Donnelly, 131 Mo. App. 152; Skiles v.
Railroad, 130 Mo. App. 162.  (3)  The instructions
were fair and properly declared the law.  If defendant
wanted the word "negligence" defined, it should have
asked an instruction to that effect.  Nugent v. Pack-
ing Co., 208 Mo. 480; Hooper v. Railroad, 125 Mo.
App. 329; Wahl v. Transit Co., 203 Mo. 261.

ELLISON, J.—Plaintiff's wife was injured in the
wreck of one of defendant's passenger trains while she
was being carried over its railway.  This action was
brought to recover for the loss of her services, com-
panionship and society.  He prevailed in the trial
court.

There was an adjustment and settlement of the
wife's claim, for which she gave a release, and it is
defendant's contention that such settlement included
this plaintiff's claim, and that he joined in the re-
lease.  The release is in the following words:

"RELEASE OF ALL CLAIMS.

Accounts Payable.

Wabash Railroad Co.      To Mrs. Ella M. Tate, Dr.

Address, LaPlata, Mo.

I hereby agree to accept, and do accept, of the
Wabash Railroad Company, the sum of five thousand
and eight hundred dol ars, as evidenced by my signa-
ture to the receipt annexed, in full satisfaction, re-
lease and discharge of all claims for damages that I
now have, or may h reafter have against said com-
pany on account of personal injuries received by me

in wreck of train No. 20 near Warrenton, Mo.    Also
loss of time for services, etc., on the line of the Wabash
railroad, on or about the sixth day of September,
A. D. 1904.    And also in full of all claims whatsoever
for loss or damage to personal property in consequence
of said accident.    And it is hereby further expressly
agreed, that in case suit has been instituted for said
claim, said suit shall be dismissed at the cost of no
suit and said company forever discharged from all
.iability growing out of said injuries.    $5800.00.

Received, January 5, 1905, from the Wabash
Railroad Company, the sum of five thousand and
eight hundred dollars, in full for the above settlement,
as per agreement recited.

ELLA M. TATE.    [SEAL]<br>
J. M. TATE,    [SEAL]

'The above was read to and signed by the said
Mrs. Ella M. Tate in our presence on the fifth day of
January, A. D. 1905.

W. R. SMITH, Witness.''

Plaintiff, finding that his name appeared signed
to said release in the place where a party thereto
would sign, he asked in his reply that it be reformed
and made to show the fact that he merely signed as
a witness to his wife's signature, and by inadvertence
put his name at an improper place.    The trial court
took this view and we think is well sustained by the
evidence.    Besides affirmative testimony in plaintiff's
behalf, there are two significant circumstances which
go far to justify the trial court's conclusion; one is
that the draft drawn by defendant in payment of the
sum agreed upon in the settlement, was payable to
the wife alone; and the other, that plaintiff testified
his signature was put to the paper by reason of de-
fendant's claim agent, who was making the settle-
ment, requesting him to sign with him as a witness.
This agent was present in the court room and was
pointed out by plaintiff, yet defendant did not call

him to deny the statement. Presumably he would have been called if he could truthfully have denied plaintiff's testimony. [Bryant v. Lazarus, 235 Mo. 606; Ins. Co. v. Smith, 117 Mo. 261.]

It is said that the court erred in admitting evidence that the track was in a defective and unsafe condition at the point of derailment. The charge in the petition was as follows: "That plaintiff's said wife Ella Tate, without any fault on her part, was by the carelessness, negligence and want of skill of defendant's agents in charge of its road bed and track about three miles south of the city of Warrenton, in Warren county, Missouri, and by the carelessness and negligence of defendant's agents and servants in charge of said train, seriously and permanently injured and crippled for life in this," etc.

If it be said that the evidence should not have been admitted on the ground that it was making proof of specific negligence where only general negligence is alleged, we answer that while when specific negligence is alleged, no other can be proved, yet no reason can exist, if a plaintiff is willing to take upon himself an unnecessary burden and prove particular negligence, why he may not do so. We do not see that authorities cited by defendant, including Beave v. Transit Co., 212 Mo. 331, are applicable. This is not a case where the plaintiff proves specific negligence under an allegation of general negligence and then, in effect, abandons his evidence by instructions founded upon the rule of res ipsa loquitur.

Now whether this be called an allegation of general or specific negligence, it is certain that the evidence was responsive to the charge. Proof of the defective condition of the road bed and track at the point of derailment of the train, tended to prove the negligence of defendant's agents in charge of such road bed and track as alleged in the petition. Furthermore, it tended to prove negligence of those

agents who were in charge of the train, in running it, at the speed shown, upon such a track. We do not see the application of Beave v. Transit Co., supra; Evans v. Ry. Co., 222 Mo. 435, and other cases cited by defendant.

It is insisted that the court erred in admitting evidence of the physical condition of the wife at the time of trial without a showing that it was of such a character as would be a natural result of the injuries received in the wreck. The particular question objected to, by its wording, does embrace the idea insisted upon by defendant. The question would only be understood as asking for a present condition which was the result of, or a continuation of, the injury inflicted. It called for an answer whether the physical condition made by the injury had been getting better or worse. The admission of evidence on this part of the case is in nowise opposed to the ruling in Moore v. Transit Co., 226 Mo. 689, 698-705.

It seems that plaintiff's wife made application for life insurance some time after her injury in the wreck, to which was attached a certificate of an examining physician tending to show a recovery from the injury in the wreck. Defendant offered both papers in evidence and plaintiff objected. The court admitted the application made by the wife, but excluded the doctor's certificate in which he answered certain questions as to her condition as to health, and that he considered her a good risk. In excluding the certificate we think there was no error. It was made in private, without the presence of the plaintiff or any one else. It is an unsworn statement out of which it is proposed to make evidence. If allowed as evidence it would destroy a fundamental requisite of admissibility, that is, cross-examination. For aught that appears the plaintiff may not have believed anything contained therein.

Defendant finds objection to the instructions. Each of the parties asked but two, and all were given. The first for plaintiff was "that when a married woman is injured through the fault of another there arises two causes of action, . . . " The criticism is' that the court should have "defined what facts would constitute 'fault.' " The defendant did not ask the court to state what would constitute "fault," but on the contrary condoned the error by tracking in the same steps as follows: "That when a married woman without fault on her part is injured by the negligence of another, two causes of action arise. . . . " Each of these is called an instruction by the parties. In truth they are mere abstract statements, and though they should not have been given in such form, they are harmless. At any rate, if that for plaintiff was an error, it was adopted by. defendant.

If it be said that plaintiff's case, though bottomed on negligence, is thus left without any instruction on that subject, plaintiff so left it and defendant, though excepting, seems really not to have had any objection, for if that was harmful to it, it could have supplied the omission. But it chose to stand by, and see the case submitted, and save any objection for a later time. This it cannot do. If there was no direction on the subject of negligence, when none was asked, no harm was done, for non-direction, in a civil case, is not error. [Morgan v. Mulhall, '214 Mo. 451, 462; Wilson v. Ry. Co., 122 Mo. App. 667, 672.] In each of these cases the reasons governing this rule are stated.

There are other objections stated; most of' them are covered by what we have written. In our opinion none will justify our interference. Plaintiff's wife was' shown to be in a deplorable condition, and it appears clear enough that that condition was the result of the serious injury she received in the wreck

on defendant's road; and the allowance which has been made to the husband on account of his loss, by being deprived of her service and society, is not unreasonable. The judgment is affirmed. All concur.